IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,842

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP L. CLAPP,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2014 Supp. 22-3716(c)(1) sets out a graduated sanctioning scheme for probationers who violate the terms of their probation, beginning with subsection (c)(1)(A) which permits the district court to continue the violator on probation, either on the same or modified release conditions. If the district court chooses to sanction a probation violator with incarceration, subsections (c)(1)(B) through (E) establish the permissible progression of sanctions.

2.

Generally, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(c)(1)(C) or K.S.A. 2014 Supp. 22-3716(c)(1)(D), which precedent sanctions could only have been imposed after the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B). Therefore, generally, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-

3716(c)(1)(E) is that the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B).

3.

The district court, at any probation violation hearing, can bypass any of the graduated intermediate sanctions set forth in K.S.A. 2014 Supp. 22-3716(c)(1)(B) through (D) by invoking the bypass provisions of K.S.A. 2014 Supp. 22-3716(c)(9). To invoke the bypass provisions of K.S.A. 2014 Supp. 22-3716(c)(9), the district court must find and set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by the bypassed intermediate sanction.

4.

The particularity requirement of K.S.A. 2014 Supp. 22-3716(c)(9) is not met when an appellate court must imply the district court's reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by the bypassed intermediate sanction. The district court's reasons must be distinct rather than general, with exactitude of detail.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 25, 2016. Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 7, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case is remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Daniel D. Gilligan*, assistant district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

2

The opinion of the court was delivered by

JOHNSON, J.: Phillip L. Clapp petitions this court for review of the Court of Appeals' decision affirming the district court's revocation of his probation and order to serve his underlying prison sentence. Clapp argues his sentence is illegal because it fails to comply with K.S.A. 2014 Supp. 22-3716's authorized dispositions following a probation violation. Clapp alternatively argues that even if his sentence is not illegal, the district court erred by revoking his probation for a second probation violation because it failed to make the requisite findings to bypass intermediate probation violation sanctions.

FACTUAL AND PROCEDURAL OVERVIEW

Pursuant to a plea agreement, Clapp pled guilty as charged to 13 drug, alcohol, and weapons charges and the State agreed not to oppose a downward dispositional departure. The district court followed the plea agreement, sentenced Clapp to a controlling sentence of 118 months' imprisonment, and granted a dispositional departure to 36 months' probation. At the time of the sentencing hearing, drug treatment had not been arranged; therefore the district court ordered a 60-day jail sanction, to be suspended when Clapp went to inpatient drug treatment. Clapp eventually completed inpatient drug treatment and was released to outpatient treatment.

On January 27, 2014, the State moved to revoke Clapp's probation. At the probation violation hearing, Clapp stipulated to ingesting methamphetamine, testing positive for methamphetamine on 2 occasions, failing to report on 10 occasions, unsuccessful discharge from outpatient treatment, refusing to reenter outpatient treatment, unsuccessful discharge from the job club for failing to attend, failing to complete a job search and obtain employment, failing to complete community service, failing to attend sanctioned peer support groups, refusing to attend recommended mental

3

health treatment, and leaving the county without permission. The district court found Clapp violated his probation, revoked Clapp's probation, and heard argument on disposition. The State argued Clapp had his chance at probation and should be ordered to serve the remainder of his prison sentence. Defense counsel asked the district court to follow the recommendation of Clapp's intensive supervision officer (ISO) by ordering Clapp to serve a 180-day sanction in the Department of Corrections and reinstating probation with a strong condition that he get a mental health evaluation and medication.

The district court acknowledged the applicability of H.B. 2170, a 2013 bill which substantially amended K.S.A. 22-3716, the statute enumerating procedures for alleging and proving violations of probation and the authorized dispositions following a probation violation. See L. 2013, ch. 76, § 5, effective July 1, 2013. Those amendments created a graduated sanctioning scheme for probation violators, under which first-time and second-time probation violators are normally sanctioned with intermediate periods of incarceration, rather than having their probations completely revoked. K.S.A. 2013 Supp. 22-3716(c)(1); K.S.A. 2014 Supp. 22-3716(c)(1). But the district court retains the authority to revoke probation and impose the underlying sentence, bypassing the imposition of intermediate sanctions even for a first-time violator, if the court finds: the probationer committed a new felony or misdemeanor, the probationer absconded from supervision, or "that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such [intermediate] sanction." K.S.A. 2013 Supp. 22-3716(c)(8)-(9); K.S.A. 2014 Supp. 22-3716(c)(8)-(9).

For Clapp's first violation, the applicable intermediate sanction was a short stay in jail. K.S.A. 2013 Supp. 22-3716(c)(1)(B). But by following the ISO's recommendation for a 180-day prison sanction, the district court imposed the intermediate sanction that should be applicable to a second- or third-time violator. See K.S.A. 2013 Supp. 22-3716(c)(1)(D). Then, when a second motion to revoke probation was filed in August 2014, the State sought to revoke Clapp's probation and impose the underlying sentence,

4

pursuant to K.S.A. 2013 Supp. 22-3716(c)(1)(E). The State argued that Clapp had already received a 180-day prison sanction, which is the most severe intermediate sanction, so that the next step in the progression is to execute upon the original sentence. Moreover, the State pointed to Clapp's weapons convictions to make the point that "[h]e's not necessarily a non dangerous person in the community."

In arguing against revocation, defense counsel noted that Clapp's underlying sentence made him "a little more guarded with his ability to be honest with his ISO," but that Clapp's main issue was drug use. Counsel pointed out that Clapp was in outpatient treatment and would graduate in two weeks; he was participating in peer-to-peer counseling; he had a job; he had not absconded; and he had not committed a new crime.

The district court agreed that Clapp had not committed a new crime, had not absconded, had a job, and was still in treatment. Nevertheless, the court revoked Clapp's probation and imposed the underlying sentence, after commenting on the convictions leading to Clapp's probation, his criminal history, and his dishonesty with his ISO. The district court specifically told Clapp that it did not feel that Clapp valued Community Corrections as a way to help him change how he thought and how he lived his life.

Clapp appealed to the Court of Appeals raising two issues. First, he argued the district court's decision to revoke his probation constituted an illegal sentence. Second, he argued in the alternative that the district court erred in revoking his probation without making the requisite statutory findings under K.S.A. 2014 Supp. 22-3716(c)(9) to bypass intermediate sanctions.

The Court of Appeals rejected Clapp's appeal, first holding that Clapp's sentence upon probation revocation was not an illegal sentence under K.S.A. 22-3504(1). *State v. Clapp*, No. 112,842, 2016 WL 1169418, at *3-4 (Kan. App. 2016) (unpublished opinion. Next, the panel held that K.S.A. 2014 Supp. 22-3716 does not require a district court to

5

make statutory findings to bypass intermediate sanctions when a violator has already served a 180-day intermediate sanction. 2016 WL 1169418, at *4. Finally, the panel held that, even if statutory findings to bypass intermediate sanctions were required in this case, the district court had met the particularity requirement under K.S.A. 2014 Supp. 22-3716(c)(9) to revoke Clapp's probation based upon public safety. 2016 WL 1169418, at *5.

This court granted Clapp's petition for review, in which he argues that the district court misapplied the 2013 and 2014 versions of the probation revocation statute, K.S.A. 22-3716. He claims that the district court's noncompliance with the applicable provisions of K.S.A. 22-3716 rendered the imposition of his underlying sentence an illegal sentence, or, in the alternative, the statutory violations require a revised disposition. Given that this is Clapp's direct appeal of his probation revocation, rather than an appeal of an after-the-fact motion to correct an illegal sentence, we proceed directly to the claim that the district court failed to follow the applicable statutory provisions governing probation revocation.

PROBATION VIOLATION SANCTIONS UNDER THE 2013 AND 2014 VERSIONS OF

K.S.A. 22-3716

Clapp does not dispute that he violated the terms of his probation. Instead, he argues that the district court erred in applying the intermediate sanctions provisions to his second probation violation, and that the Court of Appeals erred in finding that the district court had made the particularized findings required to permit it to bypass intermediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(9). We agree.

6

*Standard of Review*

Analyzing Clapp's statutory error argument requires statutory interpretation, a question of law subject to unlimited review. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008).

*Preservation*

In the Court of Appeals, Clapp argued that he preserved his statutory error issue for review and even if the issue was not preserved, he met exceptions to the general rule that an issue cannot be raised for the first time on appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (stating exceptions to the general rule that a theory not asserted before the district court cannot be raised for the first time on appeal). Before addressing the merits of Clapp's argument, the Court of Appeals held that the State had not challenged Clapp's failure to raise this issue in the district court. *Clapp*, 2016 WL 1169418, at *4. The State did not cross-petition the Court of Appeals' decision to reach the merits of Clapp's argument, did not reply to the petition for review, and did not file a supplemental brief to this court; therefore, we need not determine whether the panel erred in addressing the merits of Clapp's argument. See *State v. Keenan*, 304 Kan. 986, 993, 377 P.3d 439 (2016) ("Because the State did not cross-petition to challenge the Court of Appeals' preservation ruling in favor of [the defendant], we will not consider whether the panel erred on this point."); see also *State v. Davey*, 306 Kan. 814, 819, 397 P.3d 1190 (2017) ("[T]he State has not challenged—either through a cross-petition for review or in its supplemental brief to this court—the Court of Appeals' implied ruling in favor of [the defendant] on the State's nonpreservation claim.").

*Analysis*

Prior to July 1, 2013, a district court had broad discretion to enter a variety of sanctions once it determined that a defendant had violated the terms of probation. See K.S.A. 22-3716(b) ("Except as otherwise provided, if the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and may require the defendant to serve the sentence imposed, or any lesser sentence . . . ."); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001) ("Once there has been evidence of a violation of the conditions on which probation was granted, revocation is in the sound discretion of the district court.").

Effective July 1, 2013, the Legislature substantially amended K.S.A. 22-3716, eliminating much of the district court's discretion to sanction a probation violator with incarceration when the original crime of conviction was a felony. Since 2013, the Legislature has amended K.S.A. 22-3716 in 2014, 2016, 2017, and 2018. The 2013 and 2014 versions of the statute control this appeal, as Clapp's first violations took place under the 2013 version of the statute and the second took place under the 2014 version. The 2014 amendments clearly state the Legislature's intent that the violation sanctions in the statute apply to any violation of conditions of probation occurring after July 1, 2013. K.S.A. 2014 Supp. 22-3716(c)(12).

The other variations between the 2013 and 2014 versions of K.S.A. 22-3716 do not impact the outcome of Clapp's appeal; therefore, we will hereafter refer to the relevant portions of the 2014 statute, to-wit:

"(b)(1) Upon arrest and detention pursuant to subsection (a), the court services officer or community correctional services officer shall immediately notify the court and shall submit in writing a report showing in what manner the defendant has violated the conditions of release or assignment or a nonprison sanction.

. . . .

(3)(A) Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in subsection (i) of K.S.A. 2014 Supp. 21-6804, and amendments thereto, and a violation is established, the court may impose the violation sanctions as provided in subsection (c)(1).

. . . .

(4) Except as otherwise provided, if the defendant waives the right to a hearing and the sentencing court has not specifically withheld the authority from court services or community correctional services to impose sanctions, the following sanctions may be imposed without further order of the court:

(A) If the defendant was on probation at the time of the violation, the defendant's supervising court services officer, with the concurrence of the chief court services officer, may impose an intermediate sanction of confinement in a county jail, to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(B) and (c)(1)(B) shall not exceed 18 total days during the term of supervision; and

(B) if the defendant was assigned to a community correctional services program at the time of the violation, the defendant's community corrections officer, with the concurrence of the community corrections director, may impose an intermediate sanction of confinement in a county jail, to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(A) and (c)(1)(B) shall not exceed 18 total days during the term of supervision.

9

"(c)(1) Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in subsection (i) of K.S.A. 2014 Supp. 21-6804, and amendments thereto, and a violation is established, the court may impose the following sanctions:

(A) Continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction;

(B) continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(A) and (b)(4)(B) shall not exceed 18 total days during the term of supervision;

(C) if the violator already had at least one intermediate sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B) or (c)(1)(B) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7);

(D) if the violator already had a sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days

10

in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7); or

(E) if the violator already had a sanction imposed pursuant to subsection (c)(1)(C) or (c)(1)(D) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence which might originally have been imposed.

. . . .

(8) If the offender commits a new felony or misdemeanor or absconds from supervision while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction, the court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D).

"(9) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716.

K.S.A. 2014 Supp. 22-3716(c)(1) sets out a graduated sanctioning scheme for probationers who violate the terms of their probation, beginning with subsection (c)(1)(A) which permits the district court to continue the violator on probation, either on

11

the same or modified release conditions. If the district court chooses to sanction a probation violator with incarceration, subsections (c)(1)(B) through (E) establish the permissible progression of sanctions.

Subsection (c)(1)(B) provides the first step in the graduated intermediate sanctions scheme. The court can order the violator to serve two-day or three-day stints in jail, with an outside limit of 18 days of total confinement in jail. This jail sanction might be imposed by court services or community correctional services under subsection (b)(4), in addition to being available for the district court to impose.

If a probation violator has already had at least one jail sanction under (b)(4) or (c)(1)(B), the court can impose the next step: sending the violator to prison for 120 days, subject to a discretionary reduction of up to 60 days by the secretary of corrections. K.S.A. 2014 Supp. 22-3716(c)(1)(C). The court can use this sanction step only once during the probation term.

Next, if a probation violator has already had a jail sanction imposed under subsection (b)(4) or (c)(1)(B), or a 120-day prison sanction imposed under subsection (c)(1)(C), the court can send the violator to prison for 180 days, subject to the secretary's discretion to reduce the term up to 90 days. K.S.A. 2014 Supp. 22-3716(c)(1)(D). Again, this sanction shall not be imposed more than once during the term of supervision.

Finally, after a violator has been sanctioned with a stint in prison under subsection (c)(1)(C) or (c)(1)(D), the final step is to revoke the probation and require the violator to serve the original underlying sentence or any lesser sentence. K.S.A. 2014 Supp. 22-3716(c)(1)(E).

As suggested above, the amended probation revocation statute also sets forth certain circumstances under which a district court may bypass the graduated intermediate

12

sanctions steps and proceed directly to the revocation described in subsection (c)(1)(E). The bypass circumstances in K.S.A. 2014 Supp. 22-3716(c)(8) are: (1) the violator has committed a new misdemeanor or felony, or (2) the violator has absconded from supervision. The bypass circumstances in K.S.A. 2014 Supp. 22-3716(c)(9) exist "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by [the intermediate] sanction."

Clapp's statutory error argument relies upon the graduated nature of the intermediate sanctions scheme in K.S.A. 2014 Supp. 22-3716(c). Clapp points out that for his first probation violation, the only intermediate incarceration sanction the district court was authorized to impose was the short-term jail sanction described in K.S.A. 2014 Supp. 22-3716(c)(1)(B). For a second violation, the district court could have utilized either the 120-day prison sanction of K.S.A. 2014 Supp. 22-3716(c)(1)(C) or the 180-day prison sanction of K.S.A. 2014 Supp. 22-3716(c)(1)(D). Then, the district court's authority to revoke Clapp's probation under K.S.A. 2014 Supp. 22-3716(c)(1)(E) was conditioned upon the court having previously imposed at least one of the prison sanctions for a second or third violation, which in turn was conditioned upon the court's first having previously imposed a jail sanction. Consequently, the district court's revocation of Clapp's probation under subsection (c)(1)(E) for a second probation violation did not conform with the intermediate sanctions provisions, and the revocation can only stand if the district court made the requisite findings to bypass the intermediate sanctions. We agree.

The Court of Appeals held that findings were unnecessary when a probation violator has already served a 180-day prison sanction. Presumably, that holding was based on interpreting K.S.A. 2014 Supp. 22-3716(c)(1)(E) in isolation to mean that revocation is authorized any time a "violator already had a sanction imposed pursuant to subsection . . . (c)(1)(D)," regardless of whether that (c)(1)(D) sanction was lawful. We

13

disagree. K.S.A. 2014 Supp. 22-3716(c)(1)(E) must be interpreted *in pari materia* with the other provisions of the graduated sanction scheme. See *State v. Coman*, 294 Kan. 84, 93, 273 P.3d 701 (2012) (appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony). A sanction imposed "pursuant to subsection . . . (c)(1)(D)" would, by the terms of that provision, require that the "violator already had a sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C)." K.S.A. 2014 Supp. 22-3716(c)(1)(D). Permitting the district court to skip steps in the graduated intermediate sanctions scheme would defeat the purpose of the legislation. See *State v. Clutchey*, No. 114,566, 2016 WL 7178260, at *2 (Kan. App. 2016) (unpublished opinion) (noting "strong legislative purpose expressed in K.S.A. 2015 Supp. 22-3716[c] for reform of probation and sentencing standards with an eye toward alleviating both prison overcrowding and extended incarceration of defendants amenable to lesser sanctions").

To summarize, absent utilization of a statutory bypass provision, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(c)(1)(C) or K.S.A. 2014 Supp. 22-3716(c)(1)(D), which precedent sanctions could only have been imposed after the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B). Therefore, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B).

The State argues that Clapp's 180-day prison sanction was proper because it was preceded by a jail sanction, i.e., the 60 days ordered at the sentencing hearing. But, of

course, that jail time was ordered as part of Clapp's original sentence, not as an intermediate sanction for a probation violation. That original jail time has nothing to do with the question of whether the district court complied with the probation revocation provisions of K.S.A. 2014 Supp. 22-3716.

The State also attempts to invoke two procedural doctrines to avoid any consequences for its recommending the unlawful prison sanction. First, it argues that Clapp has completed serving the 180-day sanction and any error in imposing it is now moot. But Clapp's claim in this appeal is that the subsequent *revocation* of his probation was statutorily infirm. The propriety of the district court's imposition of the 180-day prison sanction is germane to the question of whether the district court had authority under K.S.A. 2014 Supp. 22-3716(c)(1)(E) to revoke probation without using a bypass provision.

Second, the State contends that Clapp invited any error by the district court because his attorney urged the district court to accept the ISO's 180-day prison sanction recommendation, in lieu of revoking his probation. Certainly, a direct appeal from a second probation violation hearing is not a proper vehicle to collaterally attack the sanction imposed at a previous probation revocation hearing. But Clapp is not attacking the 180-day sanction; rather, he is attacking the revocation of his probation upon the State's second motion to revoke. Granted, the district court's first error was imposing the 180-day prison sanction on a first-time violator. But that error did not imbue the district court with the discretion to compound the error at the second revocation hearing. And Clapp certainly did not invite the second error.

In short, pursuant to the statutory provisions of K.S.A. 2014 Supp. 22-3716(c)(1), viewed as a whole, the district court did not have authority to revoke Clapp's probation and impose his underlying sentence for a second probation violation unless the district court utilized a statutory bypass provision. Given the record at that point in the

15

proceedings, the only avenue available to the district court to revoke Clapp's probation was the bypass provision in K.S.A. 2014 Supp. 22-3716(c)(9). We turn now to the panel's ruling on that provision's applicability here.

To reiterate, the district court, at any probation violation hearing, can bypass any intermediate sanctions by invoking the bypass provisions of K.S.A. 2014 Supp. 22-3716(c)(9). Such an invocation requires the district court to "find[] and set[] forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by [the bypassed intermediate] sanction." K.S.A. 2014 Supp. 22-3716(c)(9). The Court of Appeals found compliance with that bypass provision in the district judge's soliloquy, to-wit:

> "'Well, Mr. Clapp, the real question I guess is whether or not I can with a straight face ask Community Corrections to continue to try to supervise you . . . . [You have] a dangerous criminal history. You got three weapons convictions in this case. Previously you have an unlawful discharge of a firearm, a criminal use of a weapon, criminal possession of a firearm, criminal possession of a firearm . . . so that makes . . . seven weapon [convictions] and you're convicted of basically being a drug dealer, and then you haven't been honest with your ISO and it seems to me at age 37 you should have figured out that that is what we call in Drug Court a proximal goal.
>
> . . . .
>
> "'. . . I wish that you had taken and cherished your chance at Community Corrections but I really just get the feeling that you thought Community Corrections was something you were going to try to get through so that you could then go live your life the way that you wanted to. I never and I have today still not got the feeling that you actually valued Community Corrections as a way that could have some help in changing how you think, how you live your life so that you can be a productive law abiding citizen.'" *Clapp*, 2016 WL 1169418, at *3.

16

The Court of Appeals held these findings, in combination with the district court's findings at Clapp's first probation violation hearing, met the particularity requirement under subsection (c)(9). 2016 WL 1169418, at *3, 5. Pointedly, the panel cited no caselaw for the notion that a district court's findings at one probation violation hearing could be used to fulfill a findings-with-particularity requirement in a subsequent hearing on another probation violation. Nevertheless, we discern that the district court did not rely on K.S.A. 2014 Supp. 22-3716(c)(9) and most certainly did not meet the particularity requirement.

In revoking Clapp's probation and imposing his underlying sentence, the district court did not mention K.S.A. 2014 Supp. 22-3716(c)(9), nor did it make *any* explicit findings regarding how imposing an intermediate sanction would jeopardize the safety of the public or be contrary to Clapp's welfare. Any suggestion that the district court was implicitly relying on the bypass provision of subsection (c)(9) when revoking Clapp's probation at the hearing is belied by the journal entry. That document contains a preprinted check box so that the court may indicate: "Court revoked pursuant to K.S.A. 2013 Supp. 22-3716(c)(8) or (c)(9)—state reasons in comment box." The district judge did not check that box and made no other comments in the journal entry that could be construed as reliance on subsection (c)(9).

Even if we were to agree with the panel that the district court's intention was to use the bypass provision of subsection (c)(9), the record reflects a failure to set forth the reasons an intermediate sanction would have been a public safety issue or contrary to Clapp's welfare. Cf. *State v. Clutchey*, No. 114,566, 2016 WL 7178260, at *3 (Kan. App. 2016) (unpublished opinion) ("The district court did not appear to have considered K.S.A. 2015 Supp. 22-3716[c][9] in ordering Clutchey to prison. Even if that appearance were inaccurate, the district court did not state 'with particularity the reasons' Clutchey's welfare would be furthered by his imprisonment. . . . An order lacking the required particularity must be reversed."). In *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95

17

P.3d 127 (2004), the panel reviewed Court of Appeals' cases construing a requirement of particularized findings in other provisions of the criminal code and concluded that "the relevant cases make it clear that an implicit determination is not enough when particularized findings are required by statute." Instead, "'[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *Miller*, 32 Kan. App. 2d at 1102 (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992]).

Later, in *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015), the Court of Appeals applied the reasoning in *Miller* to the particularity requirement set out in K.S.A. 2014 Supp. 22-3716(c)(9). There, instead of ordering an intermediate sanction, the district court revoked probation and ordered McFeeters to serve his prison sentence, reasoning McFeeters' case was a drug case; McFeeters continued to use drugs; he failed to attend drug treatment; he failed to report; and he had a new municipal court charge. The *McFeeters* panel held the district court's findings did not meet the particularity requirement to invoke the exception under subsection (c)(9) as the comments were akin to the reasoning historically relied upon by courts in exercising their broad discretion to revoke probation under pre-2013 amendment law. 52 Kan. App. 2d at 49 (citing *State v. Lane,* No. 111,110, 2015 WL 802739, at *4 [Kan. App. 2015] [unpublished opinion]). Again, implicit findings were insufficient under subsection (c)(9).

Similar to the district court's remarks in *McFeeters*, we discern the district court's remarks to Clapp were akin to the reasoning historically relied upon by district courts in exercising unfettered discretion to revoke probation for any violation and impose an underlying prison sentence. But we now have a new probation revocation scheme in this State, and we hold that the district court failed to comply with that new law.

18

At oral argument before this court, the State argued that a remand would be futile, because the outcome of this case would be the same, i.e., on remand the district court will simply make the required statutory findings to bypass intermediate sanctions. Although that outcome is possible, such a possibility does not relieve the district court of its duty to apply the law in conformity with the legislative enactments in this State. Moreover, if the district court does find and set forth, with particularity, its reasons for finding that public safety will be jeopardized or the defendant's welfare will not be furthered with an intermediate sanction, the defendant can seek to have the efficacy of those findings reviewed by an appellate court.

Accordingly, we reverse and remand for a new dispositional hearing to comply with K.S.A. 2014 Supp. 22-3716. At the hearing, the only issue before the court is the appropriate disposition, as Clapp did not challenge the district court's finding that he violated his probation. Accordingly, under the 2014 version of K.S.A. 22-3716 applicable to this disposition, the court may either impose an appropriate graduated sanction under K.S.A. 2014 Supp. 22-3716(c)(1)(A)-(D) or, in the alternative, may set forth with particularity its reasons for bypassing intermediate sanction under K.S.A. 2014 Supp. 22-3716(c)(9), prior to ordering Clapp to serve his underlying sentence.