NOT DESIGNATED FOR PUBLICATION

No. 119,175

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH MELVIN LAMB JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed November 30, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.


PER CURIAM: Kenneth Melvin Lamb Jr. appeals the district court's decision to revoke his probation and order that he serve his underlying prison sentence. Lamb argues that the district court abused its discretion by declining to impose intermediate sanctions and instead sending him to prison. Finding that the district court did not abuse its discretion by ordering that Lamb serve his underlying prison sentence, we affirm.

In 2016, pursuant to a plea agreement, Lamb pled no contest to one count of theft of property or services, one count of aggravated assault of a law enforcement officer, and

1

one count of misdemeanor driving under the influence of drugs. The district court accepted the plea and found him guilty on all three counts. Lamb's criminal history score was A, which resulted in a presumptive sentence of up to 136 months' imprisonment. The district court granted Lamb's motion for a durational and dispositional departure, sentencing him in August 2016 to 36 months' probation with an underlying controlling sentence of 72 months' imprisonment.

In August 2017, Lamb violated the terms of his probation by failing to report to his intensive supervised officer (ISO) and by failing to return a drug patch as directed. He waived his right to a probation violation hearing and accepted a sanction of three days in county jail. In October 2017, Lamb again violated the terms of his probation, this time by failing to report to his ISO, failing to maintain employment or attend education and training classes, changing his address without permission from his ISO, illegally using drugs, failing to participate in therapy as directed, and failing to attend drug and alcohol treatment as directed. At a probation revocation hearing held on January 26, 2018, Lamb admitted the violations. Lamb and the State recommended that Lamb receive a 30-day sanction and be ordered to participate in mental health treatment and alcohol and drug services. The district court, however, revoked probation and ordered Lamb to serve his underlying sentence of 72 months' imprisonment, noting that it was allowed to do so without imposing intermediate sanctions because Lamb's probation was the result of a departure sentence. Lamb now appeals.

On appeal, Lamb argues only that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. He does not challenge the district court's finding that it had the authority to revoke his probation, nor does he challenge its finding that he violated the terms of his probation. Moreover, Lamb concedes that K.S.A. 2017 Supp. 22-3716(c)(9)(B) authorizes a district court to revoke probation without having previously imposed the graduated sanctions set forth elsewhere in the statute if "the probation . . . was originally granted as the result of a

2

dispositional departure granted by the sentencing court." Nevertheless, Lamb contends that, in light of his drug addiction and mental health issues, the district court's decision to exercise this authority and revoke his probation was an abuse of discretion.

Under the system of graduated sanctions in K.S.A. 2017 Supp. 22-3716(c)(1), revocation of probation is no longer entirely within the district court's discretion any time the State proves a violation of the terms or conditions of probation. See *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018) (describing the graduated sanctions and the sanctions authorized at each step). However, when the question is whether a district court with the authority to revoke probation erred in choosing to do so, we review for abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016) ("Where the issue is the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion."). As relevant here, a court abuses its discretion by taking action that is unreasonable, i.e., no reasonable person would agree with it. *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). The party arguing an abuse of discretion bears the burden of proving it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Lamb notes that his crimes of conviction in the present case "were the product of mental illness and drug addiction," problems with which he still struggled at the time of sentencing in August 2016. He testified at the sentencing hearing regarding his mental illness and he advised the district court that he still craved methamphetamine after nearly 11 months in jail without using. Lamb now argues that this testimony made clear that incarceration did not cure or otherwise rehabilitate his addictions or treat his mental illness so no reasonable person would have revoked his probation in January 2018 and ordered him to serve his underlying prison sentence. Lamb argues that ordering him to serve his prison sentence "runs contrary to the penological goals of deterrence and rehabilitation." He concludes that a reasonable person, with these penological goals in

3

mind, would have imposed an intermediate sanction instead which would allow him another chance to participate in drug treatment and mental health services.

One of the terms of Lamb's probation was intensive outpatient drug treatment. The sentencing court warned Lamb that if he did not participate in drug treatment, he would be in violation of his probation and "could be sent back to prison for the prison time that he has left to serve." Nevertheless, Lamb violated multiple terms of his probation, including failing to participate in drug treatment and mental health services. It was not unreasonable for the district court to decline to give Lamb another opportunity to use those services when they had already been offered and he failed to take advantage of them. Because a reasonable person could agree with the decision to revoke Lamb's probation and order him to serve his underlying prison sentence, the district court did not abuse its discretion in taking this action.

Affirmed.