NOT DESIGNATED FOR PUBLICATION

No. 121,104

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAIKEL POMO BERMUDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lincoln District Court; KIM W. CUDNEY, judge. Opinion filed April 17, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jennifer R. O'Hare*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM: Maikel Pomo Bermudez appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. Bermudez contends that the district court didn't make the required particularized findings about why he was a public-safety threat before it could bypass intermediate sanctions—such as a short jail stay followed by a return to probation—and send him to prison. But the district court made appropriate findings at Bermudez' probation-revocation hearing, so we affirm the district court's order revoking Bermudez' probation.

Bermudez' underlying offenses were felony burglary and interference with law enforcement. Based on the guideline sentences that applied to a burglary conviction and

1

criminal-history score of E, the court sentenced Bermudez to 24 months of probation with an underlying 21-month prison sentence for that offense. The court sentenced Bermudez to 12 months of probation with an underlying 6-month prison sentence for the interference charge, but the court made the sentences concurrent, meaning they are served together. So the total sentence was 24 months of probation with an underlying 21-month prison term that Bermudez would have to serve if he failed to successfully complete his probation.

Bermudez quickly showed that he would be noncompliant on probation. He was arrested for assault (violating the probation requirement that he be law-abiding), failed to do community service, failed to maintain employment, failed to get a substance-abuse evaluation, failed to advise his probation officer of address changes, and failed to make required monthly payments. Bermudez admitted to these violations at a hearing before the district court. The court revoked and reinstated Bermudez' probation, ordering him to complete drug treatment at a residential inpatient program.

Bermudez continued to be noncompliant. The State alleged—and the district court found—that Bermudez had failed to complete the inpatient treatment, failed to maintain employment (he was fired after threatening a coworker), failed to follow the recommendations of a substance-abuse evaluation, failed to complete community service, and failed to report to his probation officer. The district court revoked Bermudez' probation and imposed his underlying sentence.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). At the time of Bermudez' probation revocation, that discretion was limited by K.S.A. 2019 Supp. 22-3716, which generally required an intermediate sanction before ordering the defendant to serve the underlying prison sentence. But that requirement did not apply if the district court found

2

that public safety would be jeopardized by keeping the defendant on probation. See K.S.A. 2019 Supp. 22-3716(c)(7)(A).

K.S.A. 2019 Supp. 22-3716(c)(7)(A) requires a court making that public-safety finding to "set[] forth with particularity the reasons for finding that the safety of members of the public will be jeopardized." A generic statement that a defendant was "a public safety risk" would not suffice—the court must specifically state, and not imply, the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to the public's safety. See *State v. Clapp*, 308 Kan. 976, 988-90, 425 P.3d 605 (2018); *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). Whether a court has made particularized findings under the probation-revocation statute is a question of law, so we review that question independently, with no required deference to the district court. *Clapp*, 308 Kan. at 980.

Here, the district court made a public-safety finding—over Bermudez' objection— and then revoked Bermudez' probation without first imposing an intermediate sanction. Bermudez has now appealed that order, contending that the district court made only a generic statement about public safety, not detailed findings. He asks us to set aside the district court's order revoking his probation and send the case back to the district court with directions that it follow the statute.

Bermudez cites the court's comments at his probation-revocation hearing, when the court found that Bermudez was "a public safety risk, that although you have not had new convictions, there have been a multitude of problems." That comment, Bermudez argues, doesn't describe how Bermudez would endanger the public if allowed to continue on probation.

3

If that had been all the district court had said at the hearing, Bermudez would have a point. But the court made additional findings, and several of them highlighted the danger Bermudez posed to the public:

> "Although . . . the agency knew he was in Topeka, his whereabouts were unknown and he would not provide information as to where he was staying.
>
> "And he apparently begun acting out violently towards others. He was terminated from his employment for getting into a fight.
>
> "He has begun acting out in the jail, being disruptive, throwing feces and jail administrators advised the supervising officer at one point not to come because Mr. Bermudez was not acting appropriately.
>
> "So Mr. Bermudez is asking the Court pretty much to just do away with probation and let him go to work. Where he can travel around, unsupervised and free to . . . violate the law or get in trouble or use illegal substances."

The court also noted in its journal entry of that hearing that Bermudez had "threatened others and [had] been kicked out of treatment facilities."

These were not general findings that could apply to any probation-revocation appeal. See *State v. Ramirez*, No.114,817, 2016 WL 7178464, at * 5 (Kan. App. 2016) (unpublished opinion) ("[A] reason that would apply to anyone in a roughly similar situation is not particular enough to meet the statutory requirement."). Instead, the district court tied Bermudez' specific actions—getting into a fight at work, acting out and throwing feces in jail, refusing to inform his probation officer of his whereabouts—to threats to public safety. In other words, the district court stated *how* Bermudez would threaten public safety if allowed to continue on probation.

The district court's revocation of Bermudez' probation complied with the particularized findings requirement of K.S.A. 2019 Supp. 22-3716(c)(7)(A). We therefore affirm the district court's judgment.

4