NOT DESIGNATED FOR PUBLICATION

No. 122,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LANDON ALAN ANZEK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed August 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Landon Alan Anzek appeals the district court's decision to revoke his probation. We granted Anzek's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After a review of the record, we affirm.

This is the second time Anzek has appealed his probation revocation. The opinion in his first appeal summarizes the pertinent facts preceding the first probation revocation hearing:

"In accordance with a plea agreement, Anzek pleaded guilty to burglary, criminal use of a financial card, and two counts of theft. Because his criminal history score was A,

1

Anzek faced a presumptive prison sentence. But the State recommended a dispositional departure to probation as part of the plea agreement. The court sentenced Anzek to 32 months in prison, but it granted the dispositional departure and placed him on probation for 24 months. With Anzek's consent, the court, in January 2015, extended his probation term for one year.

"Then, in April 2015, the State asked the court to revoke Anzek's probation alleging that he failed to report on several days, failed to make any payments on his court-ordered costs, and used alcohol and drugs. Anzek stipulated to violating his probation and the district court imposed a three-day 'quick dip' jail sanction.

"Once again, this time in December 2015, the State sought to revoke Anzek's probation, alleging that he violated the conditions of his probation by:

- failing to attend a preemployment class or meet with his intensive supervision officer as scheduled;
- failing to attend therapy classes;
- failing to pay court fines/fees since July 2015;
- failing to report for drug and alcohol testing;
- testing positive for using amphetamine, methamphetamine, and cocaine."

*State v. Anzek*, No. 118,461, 2018 WL 5851517, at *1 (Kan. App. 2018) (unpublished opinion).

The district court held a probation violation hearing during which Anzek stipulated to violating his probation. After considering its options, the district court chose to revoke Anzek's probation and impose his original prison sentence. It relied on the public safety exception to bypass intermediate sanctions. Anzek appealed, arguing that the district court failed to make particularized findings in support of the exception as required by K.S.A. 2015 Supp. 22-3716(c)(9). This court agreed. It vacated the order imposing Anzek's prison sentence and remanded for the district court to either impose an intermediate sanction or set forth with particularity its reason for invoking an exception as K.S.A. 2015 Supp. 22-3716(c)(9) required. *Anzek*, 2018 WL 5851517, at *4.

On remand, the district court provided the following reasons to support its use of the public safety exception:

- Anzek's failure to report or attend court-ordered sessions,
- that his whereabouts were unknown for at least a week,
- his failure to pay court costs and restitution,
- his failure to remaining drug free,
- his criminal history of category A,
- his conviction for an aggravated burglary that he pled down to a residential burglary, and
- his five convictions from 2009 for aggravated assault.

It also noted that imposing an intermediate sanction at the time of the first probation violation hearing would have been ineffective.

Next, the court asserted that history is the best prognosticator of future actions and that while Anzek was not reporting he was doing drugs and engaging in other criminal activity. Finally, the court reiterated that Anzek was a public safety risk for not following through on probation, using a firearm in an aggravated robbery, and committing an aggravated burglary.

Based on these facts, the court determined that the public safety exception applied and allowed the court to bypass intermediate sanctions. It decided using this exception was appropriate for Anzek and ordered him to serve his prison sentence. Anzek timely appealed the district court's decision.

Once a violation of probation is established, revocation of probation is in the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see also *State v. Clapp*, 308 Kan. 976, 985, 425 P.3d 605 (2018) (finding that discretion of court is subject to K.S.A. 2014 Supp. 22-3716). A court abuses judicial

discretion if the action is arbitrary, fanciful, or unreasonable; based on an error law; or based on an error fact. Unreasonable means that "no reasonable person would have taken the view adopted by the trial court." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Anzek bears the burden to show that the court's action was an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Anzek argues revoking probation and imposing his prison sentence was unreasonable given that less severe intermediate sanctions were available and that he had shown an ability to comply with the terms of probation. He does not assert that the district court failed to make particularized findings.

Anzek fails to satisfy his burden to show that no reasonable person would have chosen to impose the prison sentence over imposing an intermediate sanction. The court provided a detailed recitation supporting its decision to impose the underlying prison sentence including: Anzek's serious criminal history score of A, including five aggravated assaults from 2009; he disappeared for a week during probation; and he had violated multiple conditions of his probation, including the commission of new crimes. In addition to being particularized, those findings and the facts supporting them are more than enough to warrant Anzek serving his prison sentence rather than being continued on probation with an intermediate sanction. We find no abuse of discretion in that call— other district courts would have done the same.

Choosing between two options, as long as both options are available, is the epitome of discretion. Anzek fails to show that no reasonable person would have chosen the prison sentence over intermediate sanctions. For this reason, we affirm the district court.

Affirmed.

4