NOT DESIGNATED FOR PUBLICATION

No. 122,618

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACKARY J. CARY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Zackary J. Cary appeals the Sedgwick County District Court's judgment to revoke his probation and impose the underlying sentence. Cary moved for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and asked that we affirm the trial court's judgment. We granted Cary's motion for summary disposition, and based on our review of the record, we find no abuse of discretion by the trial court and affirm.

On August 17, 2017, Cary pled guilty to two offenses committed on June 28, 2017: aggravated battery, a severity level 8 person felony, and criminal possession of a firearm by a convicted felon, a severity level 8 nonperson felony. At the sentencing

1

hearing on October 12, 2017, the trial court imposed a controlling 22-month prison sentence but granted Cary's motion for a dispositional departure to 18 months' probation. The court determined that an existing treatment program was likely to be more effective than prison in reducing the risk of recidivism.

Within three months of being granted probation, Cary consented to serve a 48-hour jail sanction after admitting to violating his probation by committing theft. One month later, the State issued a bench warrant alleging Cary violated multiple conditions of his probation including failing to report, failing to obey the law, and testing positive for alcohol consumption. On January 10, 2018, after Cary admitted to multiple violations, the trial court ordered Cary to serve a 120-day prison sanction in Kansas Department of Corrections.

About a year later, the State issued another bench warrant alleging that Cary again violated multiple conditions of his probation in November and December 2018. At the probation violation hearing, Cary admitted to the allegations of failing to report to his supervision officer, failing to participate in education or personal growth programs as directed, and failing to obtain and maintain employment. Thus, the trial court determined that Cary had violated his probation and ordered Cary to complete a community corrections residential program and to remain in custody until he was accepted into that program. The trial court also modified Cary's probation by extending it 24 months from when he was released to begin the community corrections program.

Less than two months later, on March 19, 2019, the State issued a bench warrant alleging that Cary had violated his probation by testing positive for cocaine and by failing to return after checking out from his residential center on a temporary pass. The trial court held the probation violation hearing on February 11, 2020, while it also sentenced Cary for aggravated escape from custody in another case. Based on the probation

violations, the trial court revoked Cary's probation and, finding that Cary committed a new felony while on probation, imposed his underlying sentence of 22 months in prison.

Cary timely appeals.

In his motion for summary disposition, Cary contends that the trial court erred in revoking his probation and ordering him to serve his underlying prison sentence. Cary acknowledges, however, that the trial court had discretion to revoke his probation because he committed a new crime. See K.S.A. 2019 Supp. 22-3716(c)(7)(C) (court may revoke probation without intermediate sanctions if defendant commits new felony while on probation); *State v. Clapp*, 308 Kan. 976, 978, 425 P.3d 605 (2018) (holding this graduated sanction applies to probation violations that occurred on or after July 1, 2013).

Once the State has established a probation violation and an exception to the intermediate sanctions requirement, the trial court has discretion to determine whether to continue probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). When the issue is whether the trial court imposed the appropriate sanction for the violation, we review the probation revocation decision for abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Thus, Cary bears the burden to show that the trial court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). The trial court abuses its discretion if its decision is based on legal or factual error or if no reasonable person would agree with the decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

In January 2020, a jury concluded that Cary committed aggravated escape from custody while he was residing at his assigned residential center, which Cary does not dispute. By that time, the trial court had given Cary three chances to complete probation after he admitted to violating its conditions. We, thus, find the trial court's decision to

3

revoke Cary's probation was not beyond the scope of reasonable action. Because Cary fails to meet his burden to show that no reasonable person would have taken the view adopted by the trial court, we affirm.

Affirmed.