NOT DESIGNATED FOR PUBLICATION

No. 120,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY ALLEN WELLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed July 30, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: The district court revoked Wesley Allen Weller's probation after he repeatedly failed to follow the conditions of his probation. Weller now appeals the district court's decision to revoke his probation and impose a modified prison sentence. We granted Weller's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. Based on our review of the record, we find no error by the district court and affirm.

Under a plea agreement, Weller pled no contest to unlawful possession of methamphetamine, and the district court sentenced Weller to 34 months in the Kansas Department of Corrections with 12 months' postrelease supervision. Upon Weller's

1

motion for a departure sentence, the district court granted his motion and placed him on supervised probation for 18 months.

Probation did not go well. Weller's probation was revoked twice resulting in two 2-day jail sanctions being imposed in November 2015 and June 2016. The State moved again to revoke his probation in August 2016 for multiple violations. After granting several continuances, the district court heard the motion in September 2017 and found Weller had violated his probation. The district court then imposed a 120-day prison sanction and extended the term of his probation for 18 months.

The State again moved to revoke Weller's probation in November 2018, alleging multiple violations. After hearing the evidence, the district court revoked Weller's probation, finding he was not amenable to probation and could not follow the rules imposed on him as a condition of probation. Upon revoking Weller's probation, the district court imposed a reduced sentence of 24 months in prison.

*The District Court's Decision was Reasonable.*

When a probationer violates the terms and conditions of probation, the propriety of the district court's sanction is reviewed under an abuse of discretion standard. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Weller bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

On appeal, Weller contends the district court erred by revoking his probation and ordering imprisonment rather than ordering a sanction of time served and terminating the probation and the case. Because Weller committed his crime in October 2014, K.S.A.

2

2014 Supp. 22-3716 applies. See K.S.A. 2014 Supp. 22-3716(c)(12); *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018) (sanctions and exceptions in effect in 2014 apply to offender who commits probation violation after July 1, 2013).

The district court's decision to revoke Weller's probation was not unreasonable, fanciful, or arbitrary. The district court found Weller consistently was unwilling to prioritize probation over his own schedule and, thus, was not amenable to probation. Based on Weller's extensive revocation history reflecting he had previously served two 2-day jail sanctions and one 120-day prison sanction, the district court was well within its discretionary authority to revoke his probation and impose the modified prison sentence of 24 months. See K.S.A. 2014 Supp. 22-3716(c)(1)(E).

Affirmed.