NOT DESIGNATED FOR PUBLICATION

No. 124,509

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN SCOTT HAGLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed June 24, 2022.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

PER CURIAM: Ryan Scott Hagler stipulated to violating his probation in two cases, 18CR1836 and 19CR1072, and requested reinstatement of his probation. The district court declined his request and ordered him to serve his underlying sentences. Hagler moved for summary disposition on both cases pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not contest the motions. After reviewing the record, we affirm the district court.

1

FACTUAL AND PROCEDURAL HISTORY

Hagler pled guilty to felony fleeing or eluding for crimes committed in January 2019. He moved for a dispositional or departure sentence which was granted at sentencing. In December 2019, the district court granted Hagler a dispositional departure and granted him probation with an underlying 13-month prison sentence.

In July 2020, the district court found that Hagler violated his probation and reinstated and extended his probation. In November 2020, the district court determined that Hagler violated his probation and sanctioned him but reinstated and extended his probation.

In September 2021, the district court found that Hagler violated his probation—finding, in part, that he committed a new crime by fleeing and eluding a police officer. The district court revoked his probation and ordered him to serve his underlying sentence.

Hagler timely appealed.

ANALYSIS

Hagler acknowledges that the district court had the discretion to revoke his probation under the circumstances. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (9)(B) (district court may revoke probation if the offender was granted probation as a result of a dispositional departure or if the offender commits a new felony or misdemeanor while on probation).

The decision to revoke probation rests in the district court's sound discretion. *State v. Clapp*, 308 Kan. 976, 981, 425 P.3d 605 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of

law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Hagler bears the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Hagler fails to meet his burden. The district court found that Hagler violated his probation on two occasions before the third violation and revocation. Hagler committed a new crime while on probation. The district court's decision to revoke Hagler's probation and require him to serve his underlying sentence was reasonable under the circumstances. Hagler does not contend that the district court's decision was based on an error of law or an error of fact. Thus, the district court did not abuse its discretion by revoking Hagler's probation.

Affirmed.