NOT DESIGNATED FOR PUBLICATION

No. 124,502

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL LEE STOTTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 29, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Paul Lee Stotts appeals the Saline County District Court's decision to revoke his probation and impose his underlying prison sentence. We granted Stotts' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record, we affirm the district court's judgment.

The State charged Stotts with three offenses following an incident that occurred on May 7, 2015—attempted aggravated escape from custody, attempted robbery, and battery. Nearly four years later, Stotts pleaded no contest to attempted robbery and battery. The district court granted Stotts' motion for a dispositional departure and placed him on probation for 24 months with an underlying prison term of 29 months.

1

Almost 10 months into that probation term, the State moved to revoke Stotts' probation for: (1) violating the law, (2) possessing or consuming alcohol or any other mood-altering chemicals, and (3) neglecting to obtain a substance abuse evaluation and follow the recommendations. Stotts waived his right to a formal hearing and stipulated to the violations. The district court revoked Stotts' probation but ordered that it be continued after he served a 30-day jail sanction. It also extended his probation for another 24 months. At some point—the exact date is not evident from the record before us, but prior to Stotts' second probation violation hearing—Community Corrections ordered Stotts to serve a two-day jail sanction.

The State filed a second revocation motion in September 2020, alleging Stotts violated the terms and conditions of his probation and again possessed or consumed alcohol or any other mood-altering chemicals. Following an evidentiary hearing, the district court found that Stotts violated his probation as alleged. It revoked Stotts' probation but allowed for it to be continued after Stotts served a 180-day prison sanction with the Department of Corrections.

Roughly eight months later, the State moved to revoke Stotts' probation for a third time. After hearing evidence on the motion, the district court found Stotts in violation of his probation for violating the law, failing to report as directed, failing to obtain mental health and substance abuse assessments, and shirking his curfew and travel restrictions. The district court also found that Stotts posed a danger to society. This time, following revocation, it opted against further leniency and ordered him to serve his underlying prison sentence.

Stotts timely appealed the district court's decision.

In his motion for summary disposition, Stotts contends the district court erred in imposing his underlying prison sentence. He does not challenge the court's finding that he violated his probation.

Where the issue before us questions the propriety of the disposition ordered by the trial court following a probationer's violation of the terms and conditions of probation, we review that decision for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). In asserting that a court has abused its discretion in its judicial action, the party challenging that action has the burden to show that the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Because Stotts committed his crimes in May 2015, K.S.A. 2014 Supp. 22-3716 controlled the sanctions for his probation violations. See *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018) (holding that the sanctions and exceptions in effect in 2014 when the Legislature added the retroactive language apply to any offender who committed a probation violation after July 1, 2013). See also *Coleman*, 311 Kan. at 334-37. Under K.S.A. 2014 Supp. 22-3716(c)(8)-(9), a district court was required to impose 2- or 3-day jail sanctions and 120- or 180-day prison sanctions before it imposed an offender's underlying prison term unless that individual committed a new felony or misdemeanor or absconded from supervision. A district court also had the option of imposing the original sentence if it could articulate specific, particularized findings to demonstrate that public safety or offender welfare would not benefit from imposing sanctions.

Here, the district court had the discretion to impose Stotts' underlying prison sentence because it diligently adhered to the requirements of the intermediate sanction structure throughout the troubled history of Stotts' probation. Prior to revoking his probation for the final time, Community Corrections ordered Stotts to serve a 2-day

confinement in county jail and the district court ordered Stotts to serve 30-day jail and 180-day prison sanctions. The district court also found that Stotts committed new crimes while on probation—specifically felony fleeing and eluding and felony obstruction. These offenses alone provided the district court with an alternate basis for imposing the prison term. See K.S.A. 2014 Supp. 22-3716(c)(8).

The district court also noted that the prison term was an available option because Stotts' original sentence resulted from a departure. However, this conclusion is not entirely accurate. While a 2017 amendment to K.S.A. 22-3716 authorizes district courts to bypass intermediate sanctions if the offender's probation was originally granted as a result of a dispositional departure, the Kansas Supreme Court clarified that this amendment does not apply to offenders, such as Stotts, whose crimes of conviction were committed before July 1, 2017. *Coleman*, 311 Kan. at 337. But even if this particular exception does not apply here, the district court still had the latitude to impose Stotts' underlying sentence because it previously imposed intermediate sanctions and Stotts committed new crimes while on probation.

The district court did not commit an error of law or fact, so the remaining question is whether its decision was unreasonable. The court found that Stotts posed a danger to society and was not amenable to probation, citing the testimony of Kansas Highway Patrol Trooper Martin Swartz and Stotts' intensive supervision officer, Bobbie Bradbury. Trooper Swartz testified that on February 28, 2021, he clocked Stotts travelling on the Interstate at 108 miles per hour. When he and another trooper tried to pull Stotts over, a pursuit ensued during which Stotts reached speeds of 115 to 120 miles per hour, crossed the median, and swerved in and out of oncoming traffic. Ultimately, after the trooper's many attempts at tactical vehicle intervention failed, he was forced to hit and disable Stotts' vehicle. Stotts then tried to flee on foot but was tased twice and apprehended.

Bradbury testified that the State exhausted most of the intervention opportunities available to aid in Stotts' rehabilitation, such as sober living, referrals to substance abuse treatment and mental health programs, placement with the hospital's behavioral health unit, and stays at the Oxford and Serenity Houses. In light of these multiple past referrals and Stotts' latest series of charges, Bradbury asserted that Stotts presented a danger to the community and to himself. The district court agreed, and thus it could properly impose Stotts' underlying prison term under K.S.A. 2014 Supp. 22-3716(c)(9).

The record before us does not support a conclusion that the district court's decision was unreasonable. All available intermediate sanctions were utilized, and it did not resort to Stotts' prison term until after he committed another felony offense. The decision to do so did not constitute an abuse of discretion.

Affirmed.