NOT DESIGNATED FOR PUBLICATION

Nos. 118,911
118,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REMONA J. SHANHOLTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed March 22, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM:  This is a consolidated appeal by Remona J. Shanholts who presents three issues for our consideration. First, she argues that the district court erred by ordering her incarceration upon the revocation of her probation in a 2017 criminal case without setting forth with particularity that her welfare would not be served by imposing intermediate sanctions. Second, Shanholts asserts that the district court erred by revoking her probation in a 2016 criminal case without considering a treatment option for drug

1

dependency. Third, Shanholts claims the district court erred by refusing to grant her a reduction in the previously imposed sentences in the 2016 and 2017 cases.

Upon our review, we hold that Shanholts has presented a meritorious claim with regard to the first issue. Accordingly, we reverse and remand for a new dispositional hearing as to the probation revocation in the 2017 case. We find no error with regard to the second and third issues. As a result, we affirm those district court rulings.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Shanholts was convicted of burglary in case 16-CR-1277 (2016 case). At the time she committed this crime, Shanholts was on probation for a 2013 conviction from Butler County. Prior to sentencing, the district court modified Shanholts' bond and ordered her to obtain inpatient substance abuse treatment as a condition of her pretrial release. Shanholts did not attend treatment as scheduled which resulted in the revocation of her bond. She remained in jail until sentencing. Shanholts was sentenced to 17 months' imprisonment but granted a 24-month probation in the 2016 case.

Shortly after she was granted probation, Shanholts committed her first violation for failing to report to her probation officer. At the probation violation hearing, Shanholts stipulated to the violation but claimed her failure to report was due to being in jail upon her arrest for two other unrelated charges. The district court imposed a two-day jail sanction and reinstated probation in the 2016 case.

A few months later, Shanholts violated her probation in the 2016 case again when she failed to notify her probation officer of a change in address, failed to report to her probation officer, and failed to obtain a drug and alcohol evaluation. Prior to the probation revocation hearing, in February 2017 Shanholts committed a theft in case 17-CR-384 (2017 case).

2

The district court held a consolidated hearing to consider revocation of probation in the 2016 case and a plea and sentencing for the theft offense in the 2017 case. During the hearing, Shanholts stipulated to the probation violations and pled guilty to the theft charge. At the hearing, Shanholts expressed her desire to obtain treatment for substance abuse and mental health issues. Shanholts informed the district court that while she attempted to obtain treatment, she was unsuccessful because she was always in jail.

In the 2016 case, the district court revoked and reinstated the probation after imposing a 180-day sanction. The district court also extended the probation term for 12 months because Shanholts had "essentially done nothing on [her] probation." The district court ordered Shanholts to obtain substance abuse and mental health evaluations. Lastly, Shanholts was warned that she was running out of chances and there were no more sanctions to impose, only imprisonment, if she violated her probation again in the 2016 case. In the 2017 case, upon her guilty plea to felony theft, the district court found Shanholts guilty, sentenced her to 10 months' imprisonment, but granted a 12-month probation. This sentence was ordered to run consecutive to the sentence imposed in the 2016 case and the Butler County case.

Subsequently, the State sought to revoke Shanholts' probations in the 2016 and 2017 cases, alleging that she failed to obtain a substance abuse and mental health evaluation and did not report to her probation officer. On December 15, 2017, a probation revocation hearing was held on both the 2016 and 2017 cases.

At that hearing, with regard to the 2016 and 2017 cases, Shanholts admitted to violating her probations but asked the district court to grant her another sanction and allow her to attend inpatient treatment for substance abuse. Alternatively, Shanholts requested a reduction in the length of her underlying sentences of imprisonment. After an extensive inquiry, the district court found that Shanholts had violated both probations.

3

With regard to the 2016 case, the district court stated that it had provided Shanholts with numerous opportunities to obtain treatment, including releasing her on bond prior to sentencing. The district court also noted that it could have revoked probation on previous violations, but it chose not to do so and, instead, granted her additional opportunities. The district court recalled, however, that Shanholts failed to comply with the probation conditions, committed a new crime, and had outstanding arrest warrants due to her unknown whereabouts.

As to an appropriate disposition in the 2016 case, the district court noted that Shanholts had exhausted the intermediate sanctions protocol. The district judge concluded that imprisonment was the appropriate disposition and stated:

> "Miss Shanholts, based upon her behavior, has made it abundantly clear that probation isn't going to work for her. She's not going to follow any of the conditions that I impose on her and she's going to continue to do just whatever she wants to do.
> . . . .
> ". . . At some point, continuing to give somebody that violates probation another chance has got to end and so it's ending today."

With regard to the 2017 case, although this was Shanholts' first violation of that probation, the district court revoked it and imposed the underlying sentence. After noting that Shanholts was not amenable to probation because she would be incarcerated on the 2016 case, the district judge said, "I'll also find that the welfare of the defendant would not be served by continuing probation. It doesn't serve anybody any good to continue a probation that she's not going to follow. So I'll make that specific finding."

Of note, after the hearing, the district court filed a journal entry which indicated: "Court revoked pursuant to K.S.A. 22-3716(c)(9) because of public safety or offender welfare finding. . . . Under the facts and circumstances of this case the Court finds with particularity that the welfare of the defendant otherwise will not be served."

4

Finally, the district judge addressed Shanholt's motion to reduce the length of her sentences imposed in the 2016 and 2017 cases:

"The request to modify the sentence[s] will be denied. Miss Shanholts went into this with an understanding of what the underlying sentences were. She's been given multiple opportunities to succeed, so I don't think it makes much sense to reward her for violating her probation by modifying the previous sentence[s]."

Shanholts filed a timely notice of appeal.

## REVOCATION OF PROBATION IN THE 2017 CASE

For her first issue, Shanholts contends the district court abused its discretion when

"it determined that 'the welfare of the defendant would not be served by continuing probation' ostensibly making findings pursuant to K.S.A. 22-3716(c)(9)(A), which allows for the district court to bypass the intermediate sanctions upon making certain findings. However, the district court made insufficient findings in order to revoke Ms. Shanholts probation [in accordance with that statute]."

The State responds: "A fair review of the entirety of the probation revocation proceeding clarifies that the court declined to maintain defendant's probation because a series of repeated failures demonstrated that continuing her probation would not be in the best interest of her welfare."

Whether a district court properly imposed a sentence after revocation of probation is a question of law over which an appellate court exercises unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015). Similarly, to the extent our decision requires statutory interpretation, our review is unlimited. *State v. Clapp*, 308 Kan. 976, 980, 425 P.3d 605 (2018).

5

Under K.S.A. 2017 Supp. 22-3716, Kansas employs a graduated sanctions scheme for individuals that violate their probation terms. Generally, once a probation violation has been established, a district court must impose a progression of graduated sanctions before revoking probation. K.S.A. 2017 Supp. 22-3716(c)(1). However, under K.S.A. 2017 Supp. 22-3716(c)(9) the district court may bypass the graduated sanctions and proceed immediately to revocation under certain circumstances. In particular, the statute allows the court to *not* impose intermediate sanctions if it "finds and *sets forth with particularity the reasons* for finding that the safety of members of the public will be jeopardized or that *the welfare of the offender will not be served by such sanction*." (Emphasis added.) K.S.A. 2017 Supp. 22-3716(c)(9)(A).

Almost a year after the district court revoked Shanholts' probation in the 2017 case, our Supreme Court issued an important opinion in *Clapp*, directly addressing the issue Shanholts raises for her first issue on appeal—what particularity is required of a district court in making a finding that the welfare of the offender will not be served by imposition of the bypassed intermediate sanction?

In *Clapp*, 308 Kan. at 989, the district court revoked the defendant's probation in an attempt to bypass the graduated sanctions, but failed to clarify under what statutory basis. Our Supreme Court noted that the district court did not cite to or mention its reliance on K.S.A. 2014 Supp. 22-3716(c)(9). Unlike *Clapp*, in this case the district court specifically referred to the "welfare of the defendant" statutory bypass provision and memorialized it in the journal entry of judgment. In addition to citing the particular statutory provision, the district court stated: "Under the facts and circumstances of this case the Court finds with particularity that the welfare of the defendant otherwise will not be served." In our estimation, unlike *Clapp*, it is clear the district court invoked the K.S.A. 2017 Supp. 22-3716(c)(9) bypass provision in ordering Shanholts' incarceration.

But did the district court set forth with particularity the reason for its determination that the welfare of the offender will not be served by an intermediate sanction? That question, which is central to this issue on appeal, was also addressed by our Supreme Court in *Clapp*. As reprised in the *Clapp* opinion, the district judge said the following in revoking Clapp's probation, bypassing any intermediate sanction, and ordering incarceration:

> "'Well, Mr. Clapp, the real question I guess is whether or not I can with a straight face ask Community Corrections to continue to try to supervise you. . . . [You have] a dangerous criminal history. You got three weapons convictions in this case. Previously you have an unlawful discharge of a firearm, a criminal use of a weapon, criminal possession of a firearm, criminal possession of a firearm . . . so that makes . . . seven weapon [convictions] and you're convicted of basically being a drug dealer, and then you haven't been honest with your ISO and it seems to me at age 37 you should have figured out that that is what we call in Drug Court a proximal goal.
>
> . . . .
>
> "'. . . I wish that you had taken and cherished your chance at Community Corrections but I really just get the feeling that you thought Community Corrections was something you were going to try to get through so that you could then go live your life the way that you wanted to. I never and I have today still not got the feeling that you actually valued Community Corrections as a way that could have some help in changing how you think, how you live your life so that you can be a productive law abiding citizen.' *Clapp*, 2016 WL 1169418, at \*3." *Clapp*, 308 Kan. at 988.

In short, when revoking Clapp's probation, the district court summarized the defendant's dangerous criminal history, listed his probation violations, and discussed how he did not successfully participate in the Community Corrections program with a purpose to becoming a law abiding citizen.

In analyzing the district court's commentary, our Supreme Court stated:

"[W]e discern the district court's remarks to Clapp were akin to the reasoning historically relied upon by district courts in exercising unfettered discretion to revoke probation for any violation and impose an underlying prison sentence. But we now have a new probation revocation scheme in this State, and we hold that the district court failed to comply with that new law." 308 Kan. at 990.

The Supreme Court held the particularity requirement of K.S.A. 2014 Supp. 22-3716(c)(9) requires: "The district court's reasons must be distinct rather than general, with exactitude of detail." 308 Kan. 976, Syl. ¶ 4. As a result, the district court's order of imprisonment was reversed and the case was remanded for a new dispositional hearing. 308 Kan. at 991.

In *Clapp*, 308 Kan. at 990, our Supreme Court cited with approval our court's opinion in *McFeeters*. In finding that McFeeters' welfare would not be served by future sanctions, the district court stated that it was very concerned about the defendant's drug use and his inability to stay drug free. It commented on McFeeters' failure to obtain treatment, failure to report to his probation officer, failure to pass a drug screen, and commission of a minor crime while on probation. In addition to the remarks at the hearing, the journal entry provided that "McFeeters did not attempt to go to treatment, he had been on probation before, he was charged with another crime, and the probation officer did not feel he could adequately supervise McFeeters." 52 Kan. App. 2d at 47.

Our court found these findings to be inadequate. We reversed the revocation because

"the district court's conclusory remarks about McFeeters' apparent unwillingness or inability to conform his behavior to the requirements of probation fail to explain *how* members of the public would be jeopardized if McFeeters remained on probation or *how*

8

McFeeters' welfare would not be served by imposition of the intermediate sanctions." 52 Kan. App. 2d at 49.

Returning to the case on appeal, the district court carefully detailed the procedural history of Shanholts' lack of compliance with the conditions of her probation in the 2016 case. With regard to the probation granted in the 2017 case, however, the district judge simply stated, "I'll also find that the welfare of the defendant would not be served by continuing probation. It doesn't serve anybody any good to continue on a probation that she's not going to follow. So I'll make that specific finding."

We conclude that the district court's findings were inadequate to comply with K.S.A. 2017 Supp. 22-3716(c)(9). First, the district court did not apply the correct statutory standard. The plain language of the statute requires a district court to make findings and set forth with particularity the reasons why the welfare of the offender *will not be served by such sanction*. See K.S.A. 2017 Supp. 22-3716(c)(9)(A). Or, as posited by our court in *McFeeters*: "[*H*]*ow* [the defendant's] welfare would not be served by imposition of the intermediate sanctions." 52 Kan. App. 2d at 49. In this case, the district court found that Shanholts was not amenable to probation generally but that is not the issue. The findings required under K.S.A. 2017 Supp. 22-3716(c)(9) mandate that before the district court may bypass the intermediate sanctions, it must conclude that Shanholts' welfare will not be served by the imposition of those sanctions, not whether she is amenable to probation in general. In short, the district court did not make the findings required by the statute.

Second, while we are tempted to infer from the district court's remarks and the record in this consolidated appeal that Shanholts' welfare would not be served by imposing an intermediate sanction in the 2017 case because past sanctions imposed in the 2016 case were wholly ineffectual in encouraging her to comply with that probation, we will resist the temptation. As we said in *McFeeters*: "Implicit findings by a court are

9

insufficient when particularized findings are required by statute. On review, an appellate court will refrain from substituting its inferences for the district court's legally required explanations." 52 Kan. App. 2d 45, Syl. ¶ 3.

In summary, we hold the district court erred in failing to comply with the statutory mandate set forth in K.S.A. 2017 Supp. 22-3716(c)(9). Given the plain language of this statute, the district court was required to set forth with particularity the reasons why the welfare of Shanholts will not be served by imposing a statutory sanction. "When the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details." 52 Kan. App. 2d 45, Syl. ¶ 2.

Accordingly, with regard to the district court's order imposing imprisonment for Shanholts' violation of her probation in the 2017 case, we reverse and remand for a new dispositional hearing in compliance with K.S.A. 2017 Supp. 22-3716.

REVOCATION OF PROBATION IN THE 2016 CASE

Next, Shanholts argues that even though the district court had the authority to revoke her probation in the 2016 case, it abused its discretion in doing so. Shanholts admits that she had already received a 2-day sanction and a 180-day sanction, but contends that the district court unreasonably disregarded her struggles with addiction and her willingness to obtain treatment.

The State counters that the district court was well aware of Shanholts' substance abuse problem which was evidenced by the fact that by modifying her bond, it allowed Shanholts to seek treatment prior to granting her probation. The State further argues that, despite her stated intentions, Shanholts did not exert efforts to obtain treatment throughout the entire proceedings.

Our standard of review provides that once a probation violation has been established by a preponderance of evidence, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Under the graduated sanctions scheme, the district court may revoke probation and impose the underlying sentence once the probationer has already served a 180-day sanction. Here, as Shanholts concedes, the district court imposed a 2-day sanction and a 180-day sanction due to prior violations. As a result, the district court had the discretion to impose imprisonment as an appropriate disposition.

Judicial discretion is abused when the district court's decision is arbitrary, based on an error of law, or based on an error of fact. *McFeeters*, 52 Kan. App. 2d at 47. Shanholts does not claim an error of law or fact. Rather, she claims the ruling was arbitrary because of her "long-term struggle with addiction."

In order to show that the district court's ruling ordering incarceration in the 2016 case was an abuse of discretion, Shanholts was tasked with showing that no reasonable person would take the view adopted by the trial court. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Shanholts has wholly failed in this regard.

At the onset of the 2016 case, the district court modified Shanholts' bond to allow her to obtain inpatient substance abuse treatment. Shanholts did not attend treatment which resulted in the revocation of her bond. Upon her second probation violation, Shanholts admitted that she failed to obtain a drug and alcohol evaluation. Once again, the district court ordered Shanholts to obtain substance abuse and mental health evaluations. Subsequently, in both the 2016 and 2017 cases, Shanholts again admitted that she failed to obtain a substance abuse and mental health evaluation as repeatedly ordered by the district court.

11

In revoking probation, the district court reiterated that Shanholts had multiple opportunities to comply with court orders and obtain substance abuse and mental health treatment. The uncontroverted evidence, however, is that Shanholts repeatedly disregarded these court orders. We hold that a reasonable person could find that the district court exhausted its sanctions under K.S.A. 2017 Supp. 22-3716 and revocation was not arbitrary but appropriate. The district court did not abuse its discretion.

## DENIAL OF SENTENCE MODIFICATIONS

Finally, Shanholts contends the district court abused its discretion in failing to modify her underlying sentences in the 2016 and 2017 cases. Shanholts argues that although the district court is not required to impose a lesser sentence, it should have done so in this case given the Legislature's goals of reducing the prison population and protecting public safety. Shanholts asserts that a shorter prison sentence would have been more effective because it would allow her to obtain treatment faster and no reasonable person would have declined to modify her sentence given her desire for treatment.

The State argues the district court correctly imposed the underlying sentence because Shanholts had been on probation for two years, committed numerous violations, and rejected every opportunity to obtain treatment. According to the State, even though Shanholts expressed a desire or treatment, she failed to follow through and the record reflects that the district court took this into account.

Under K.S.A. 2017 Supp. 22-3716(c)(1)(E), a district court may order the defendant to serve the original sentence or any lesser sentence upon revocation of probation. Because the district court has the discretion to grant or deny a defendant's request for a lesser sentence upon revocation, our standard of review provides that "an appellate court reviews such a decision made by the district court for an abuse of discretion." *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied*

12

307 Kan. 992 (2018). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." 54 Kan. App. 2d at 648.

In accord with our discussion regarding Shanholts' second issue on appeal, we discern no abuse of discretion in the district court's denial of her motion to reduce the length of sentences in both the 2016 and 2017 cases. Shanholts' performance on probation in the 2016 case was abysmal. Her claim that shorter prison sentences would result in her obtaining drug treatment sooner runs counter to the record evidence which shows that, while on probation, Shanholts repeatedly failed to obtain drug evaluations and treatment as ordered by the district court. Once again, Shanholts has failed to show that no reasonable person would take the view adopted by the trial court. See *Marshall*, 303 Kan. at 445. We find no error.

We reverse and remand for a new dispositional hearing as to the probation revocation in the 2017 case. We affirm the district court's rulings with regard to the revocation of probation and imposition of imprisonment in the 2016 case and the denial of sentence modifications in both cases.

Affirmed in part, reversed in part, and remanded with directions.