NOT DESIGNATED FOR PUBLICATION

No. 119,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK A. HAYES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed April 5, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM: Derek Allen Hayes appeals the revocation of his probation and imposition of his original sentence. The record supports the district court's decision as Hayes failed to comply with the conditions of probation after receiving a departure sentence. However, the district court's second reason to revoke his probation failed to state with particularity how Hayes remaining on probation would be a danger to himself or the community. Given Hayes' failure to comply with probation after receiving a departure sentence, this issue is now moot. We affirm.

1

On March 10, 2016, Hayes pled guilty to distribution of THC. The district court granted him a downward dispositional departure sentence of 68 months of imprisonment with 36 months of probation. Hayes' probation conditions required him to report to his probation officer as directed; not violate Kansas law or laws of any other state; pay court costs at a rate of $50 per month starting July 6, 2016; and refrain from possessing or consuming alcohol or other drugs.

The State moved to revoke Hayes' probation for failing to report as directed and failing to pay any court costs. He stipulated to violating his probation based on both allegations. Upon accepting his stipulation, the district court found Hayes violated his probation and continued the hearing for disposition.

At Hayes' probation revocation disposition hearing, the State asked the district court to revoke Hayes' probation under K.S.A. 2018 Supp. 22-3716(c)(9)(B) because the court granted him a dispositional departure at sentencing and Hayes violated his probation conditions. Hayes asked the district court to continue his probation conditioned on him completing drug treatment because he did not believe he would be able to address his drug use in prison. The record also reflects while on probation, Hayes was convicted in Missouri of fleeing and eluding police.

The district court revoked Hayes' probation, finding Hayes:

- Violated his probation.
- Received a downward dispositional departure at sentencing.
- Was convicted in Missouri while on probation for fleeing and eluding police.

- Stipulated to violating his probation.

The district court stated: "[Hayes] was given probation when he, by the sentencing guidelines, should've been in prison, and then goes out and commits a new crime, one that puts the public at risk while on this probation. I think sufficient resources have been expended on Mr. Hayes." In the journal entry revoking Hayes' probation, the district court noted it did not grant intermediate sanctions because "[defendant was] granted departure and community safety."

ANALYSIS

*K.S.A. 2018 Supp. 22-3716(c)(9)(B) applies*

Hayes claims the district court should have imposed intermediate sanctions instead of revoking his probation. Hayes did not object to the district court's use of the dispositional departure sentence at the revocation hearing, but this court may reach the issue on appeal because this argument involves only a question of law and is determinative of the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). The decision to revoke probation rests in the sound discretion of the district court when there is evidence to support a probation violation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The appellate court reviews the district court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of discretion bears the burden of establishing it. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

3

An offender who violates his or her probation must first be granted an intermediate sanction unless an exception applies. K.S.A. 2018 Supp. 22-3716(c). Hayes' journal entry of probation revocation provides the district court relied on two of these exceptions: the dispositional departure sentence and public safety exceptions. Hayes primarily argues the court erred as a matter of law because the dispositional departure exception should not apply to him due to this exception being added to the statute effective July 1, 2017, after he was placed on probation. Hayes argues the statutes should not operate retroactively unless the Legislature clearly indicated it was to act retroactive.

The dispositional departure exception allows the district court to revoke probation without previously imposing an intermediate sanction if the sentencing court originally granted probation as the result of a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B). The Kansas Legislature enacted this exception on July 1, 2017, several months after Hayes began probation. See L. 2017, ch. 92, § 8; K.S.A. 2018 Supp. 22-3716(c)(9)(B).

In *State v. Anzek*, No. 118,461, 2018 WL 5851517, at *1 (Kan. App. 2018) (unpublished opinion), another panel of this court found K.S.A. 2017 Supp. 22-3716(c)(9)(B) inapplicable if a defendant's probation violation occurred before this amendment went into effect. In discussing probation sanctions from 2013, this court stated: "[T]he law that applies to the imposition of sanctions for violating probation is the law that existed when a defendant violated probation, not the law that existed when the defendant committed the underlying crime . . . nor the law in effect when the probation hearing occurred." *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014). Moreover, "the critical date for determining when the amendment applies is the date the defendant violated his or her probation." 51 Kan. App. 2d at 56-57. We agree with this analysis. Because the date of a defendant's violation controls the application of K.S.A. 2018 Supp. 22-3716(c)(9)(B), we must look at when Hayes violated his probation.

4

Although violation dates are not explicitly stated in the record, we can determine the violations occurred after the amendment's enactment. K.S.A. 22-3716(c)(9)(B) became effective on July 1, 2017. See L. 2017, ch. 92, § 8. Hayes' probation conditions required him to pay $50 monthly toward his court costs. The district court issued a bench warrant alleging Hayes violated his probation on December 20, 2016, and the State filed multiple motions to revoke Hayes' probation with the last one filed on January 19, 2018, again alleging, among other violations, Hayes failed to make *any* payments toward his court costs and failed to report as directed. Hayes stipulated to violating his probation on those two conditions. Thus, the record reflects Hayes did not make his monthly $50 court cost payments between July 2017 and January 2018. Accordingly, Hayes' violations occurred after the statute's effective date and the district court did not err in using K.S.A. 2018 Supp. 22-3716(c)(9)(B) to revoke Hayes' probation. We find the district court did not abuse its discretion when it revoked Hayes' probation under K.S.A. 2018 Supp. 22-3716(c)(9)(B) and imposed his original sentence for failing to report and failing to make any payments while on supervised probation on a downward departure sentence.

*Public safety*

Hayes also claims the district court erred when it revoked his probation after determining he posed a risk to public safety. In light of *State v. Clapp*, 308 Kan. 976, 988-90, 425 P.3d 605 (2018), we agree with Hayes' argument the district court's revocation of his probation for public safety lacked particularity. Given the support in the record for revoking him under K.S.A. 2018 Supp. 22-3716(c)(9)(B), this argument is moot.

Affirmed.