NOT DESIGNATED FOR PUBLICATION

No. 120,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENYADA TERRELL CONWAY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed December 20, 2019. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: After Kenyada Conway admitted to probation violations, the district court ordered an intermediate sanction of 120 days in prison. Conway appealed that order, arguing that the district court had abused its authority by entering such a severe sanction for what Conway called technical violations. That appeal is now before the court.

While that appeal worked its way to a hearing in our court, however, Conway served the 120-day prison sanction but again violated his probation after release. The

1

district court then revoked Conway's probation and imposed the underlying 26-month prison sentence. The State now argues that Conway's appeal of the 120-day prison sanction is moot.

We agree. Although a district court often relies on a history of previous sanctions when it decides to revoke probation, the district court here used a different basis for its probation revocation—that Conway posed a danger to public safety. Thus, it had authority to revoke his probation even if its previous sanction had been improper. Because of that, Conway's appeal is moot: Even if we ruled in his favor, the result would be the same as it is now—serving the underlying prison sentence.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, Kenyada Conway pleaded guilty in Sedgwick County to one count of cocaine distribution. The district court sentenced him to 18 months of probation with an underlying 26-month prison term that would be served if he didn't successfully complete his probation. The court also imposed 12 months of postrelease supervision.

A year later, in February 2018, Conway stipulated to a probation violation and agreed to serve a two-day jail sanction. Several months later, the State alleged that Conway had further violated his probation by failing to serve the two-day jail sanction, testing positive for cocaine and methamphetamines, failing to make payments towards court costs, driving with a suspended license, failing to report to his probation officer, and failing to attend life skills classes.

Conway did not contest those allegations and waived his right to an evidentiary hearing. But he did put some of his violations in context. He hadn't served the two-day jail sanction immediately, he said, because of conflicting obligations in family court. He noted that he had timely paid the court costs and restitution for a year, but said that child-

2

support orders had prevented recent payments. And his boss appeared at the hearing to explain that he had mistakenly scheduled Conway to work on the day he missed the meeting with his probation officer. Conway asked that the district court consider this context, as well as the good-faith efforts he had made getting therapy and employment. He asked the district court to order a new drug-and-alcohol evaluation and impose only another 48-hour jail sanction.

The district court instead ordered a 120-day prison sanction. It also extended his probation for 12 months. Conway filed a notice of appeal the next day. After some delays, he asked this court for permission to docket the appeal out of time and we allowed it.

While the appeal was pending, though, Conway served the 120-day prison sanction and was released back on probation. K.S.A. 2018 Supp. 22-3716 gives the Secretary of Corrections discretion to reduce a 120-day prison sanction by up to 60 days. It appears that happened here, as Conway served only 60 days.

Then, in January 2019, Conway's probation officer alleged three more violations: testing positive for cocaine; failing to submit a urine sample; and failing to attend treatment. On February 13, 2019, a few weeks before Conway's brief was due before this court, the district court held a hearing on those violations. It determined that violations occurred, revoked Conway's probation, and imposed the underlying 26-month prison sentence. In the journal entry, the district court noted that it revoked the probation because of public safety concerns: "Public safety risk because defendant using cocaine and convicted of distribut[ing] cocaine." The court cited K.S.A. 22-3716(c)(9) as the statutory authority for its order.

ANALYSIS

Conway argues on appeal that the district court abused its discretion when it ordered the 120-day prison sanction. The State insists that Conway's appeal is moot because he already served the 120-day sanction and the district court later revoked his probation. Conway did not discuss that issue in his opening brief and did not file a reply brief.

An appeal is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the other parties' rights.'" *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012). We have unlimited review in deciding whether an appeal meets that definition. 295 Kan. at 841. If an appellate court concludes that an appeal is in fact moot, the court will generally decline to hear it. 295 Kan. at 840.

To determine whether Conway's appeal is moot, we should first describe the probation-violation framework in place when the district court acted. When the district court grants a defendant probation for a felony, it typically must impose graduated, intermediate sanctions before it revokes probation. K.S.A. 2018 Supp. 22-3716. Once it establishes an initial violation, the district court may order a two-day or three-day jail term. K.S.A. 2018 Supp. 22-3716(c)(1)(B). If the defendant violates probation conditions again, and the district court has previously ordered a 2-day or 3-day sanction, it may then impose a 120-day or 180-day prison sanction—but it may impose each of those sanctions only once during a probation. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Finally, if the district court establishes another violation, it may revoke the defendant's probation and impose the underlying sentence—but, again, only if it previously ordered the 120-day or 180-day sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

In some cases, however, the district court may bypass this graduated-sanctions framework altogether and revoke a defendant's probation without first imposing intermediate penalties. K.S.A. 2018 Supp. 22-3716(c)(8)-(9). One occasion for that is when the district court determines that ordering only an intermediate sanction will jeopardize public safety. K.S.A. 2018 Supp. 22-3716(c)(9)(A). A district court that makes that determination must state with particularity the basis for it. K.S.A. 2018 Supp. 22-3716(c)(9)(A). But once it does, it may revoke probation even if it never imposed 2-day, 120-day, or 180-day terms. K.S.A. 2018 Supp. 22-3716(c)(9)(A).

In Conway's case, he is now in prison serving the underlying sentence because the district court made public-safety findings that allow a bypass of the graduated-sanctions system. Because he has been sent to serve his prison sentence, he will no longer come before the district court on any further probation-violation allegations in this case. Because of that, we conclude that the appeal is moot. Even if we were to decide that the district court acted unreasonably in giving Conway a 120-day prison sanction rather than another short stay in the county jail, that would have no effect on Conway. He's serving his prison sentence and will be released once he completes it.

If Conway were still on probation and subject to graduated sanctions, the appeal would not be moot: whether later graduated sanctions are appropriate may depend on whether earlier ones were properly ordered. See *State v. Clapp*, 308 Kan. 976, 987, 425 P.3d 605 (2018); *State v. Hulsey*, No. 117,824, 2018 WL 2994426, at *2-3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. 1351 (2019). But he is in prison and no longer even potentially subject to graduated probation sanctions. And the district court's order sending him to prison was based on a finding that bypassed the graduated-sanctions requirements.

We conclude that Conway's appeal is moot. We therefore dismiss the appeal.