NOT DESIGNATED FOR PUBLICATION

No. 122,247

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHELLA K. PONCIL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Shella K. Poncil, after stipulating she violated her probation, now appeals the district court's revocation of her probation and the imposition of her original prison sentence. Poncil filed a motion for summary disposition pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State agreed with summary disposition and requested we affirm the district court. We granted Poncil's motion for summary disposition. Based on Poncil's stipulations to violating her probation, the decision to revoke her probation was reasonable, and we affirm.

On March 18, 2015, pursuant to a plea agreement, Poncil pled guilty to two counts of aggravated battery—each a severity level 7 person felony under K.S.A. 2013 Supp.

1

21-5413 (b)(1)(B), (g)(2)(B). The district court sentenced Poncil to an underlying 19-month prison sentence but granted her 24 months' probation.

After her March 2015 assignment to probation, Poncil twice violated her probation and served a 2-day jail sanction and a 120-day prison sanction. Then, on November 6, 2019, Poncil appeared before the district court again and stipulated to several probation violations, including absconding from Community Corrections supervision for three and one-half years and committing new crimes of driving under the influence, transporting an open container, and interfering with law enforcement. The district court revoked Poncil's probation and ordered her to serve her original prison sentence of 19 months.

Poncil acknowledges the district court was vested with the discretion to revoke her probation under the circumstances. See K.S.A. 2019 Supp. 22-3716(c)(7)(C), (D) (district court may revoke probation without intermediate sanctions if defendant commits new felony or absconds from supervision while on probation); *State v. Coleman*, 311 Kan. ___, 460 P.3d 828, 832 (2020) (holding graduated sanctions apply when probation violations occurred on or after July 1, 2013).

The district court was statutorily authorized to revoke Poncil's probation, and the decision to revoke rests in the district court's sound discretion. See *State v. Clapp*, 308 Kan. 976, 981, 425 P.3d 605 (2018). An abuse of discretion occurs when judicial action is "(1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *State v. Miller*, 308 Kan. 1119, 1138, 427 P.3d 907 (2018). Poncil bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Poncil now contends the district court abused its discretion by revoking her probation. Specifically, she argues no reasonable person would have revoked her probation because she was "willing to participate in treatment" and her violations

2

stemmed from unstable housing and personal health challenges. Her arguments are unpersuasive. Poncil's probation was previously revoked on two occasions, and she served two intermediate sanctions. She admitted to absconding and to committing three new crimes. Poncil fails to show no reasonable person would have taken the view adopted by the district court.

Affirmed.