NOT DESIGNATED FOR PUBLICATION

No. 121,824

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH SCOTT MORK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 7, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Jeremiah S. Mork appeals the district court's decision to revoke his probation and order execution of his underlying prison sentence. Mork filed a motion for summary disposition pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and asked that we affirm the district court's judgment. We granted Mork's motion for summary disposition, and after reviewing the record, we affirm the district court's decision.

In September 2016, Mork pled guilty to two counts of criminal possession of a weapon by a convicted felon, a severity level 8 felony. The district court found that Mork had a criminal history score of D and, in October 2016, sentenced him to 18 months' probation. Mork's underlying sentence included 17 months of prison and 12 months of postrelease supervision.

1

While on probation, Mork appeared at three probation violation hearings where he admitted to violating the terms of his probation. First, in May 2017, Mork admitted to testing positive for methamphetamine and amphetamines. Then, in August 2017, Mork admitted he again used methamphetamine and that he twice failed to report to his probation officer as required. Lastly, in December 2017, Mork committed four new felonies, including voluntary manslaughter, for which a jury convicted him in June 2019. Mork acknowledged at a hearing in August 2019 that these jury trial convictions placed him in violation of his probation.

Based upon these violations, the district court concluded that Mork was not amenable to probation and imposed his underlying 17-month prison sentence. Mork timely appealed, asserting that the district court's revocation of his probation was an abuse of judicial discretion.

K.S.A. 2017 Supp. 22-3716 outlined the procedure the district court had to follow when deciding what sanctions to impose following Mork's probation violation. See *State v. Clapp*, 308 Kan. 976, 981-82, 425 P.3d 605 (2018) (stating once probation violation established, court may only impose sanction subject to version of K.S.A. 22-3716 in effect when the violation occurred). When the defendant challenges the propriety of the district court's sanction imposed for a probation violation, the standard of review is abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020).

An abuse of discretion occurs when judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, Mork presents no facts suggesting the district court abused its discretion. The record shows that the district court revoked Mork's probation in response to his December 2017 violations. At that time K.S.A. 2017 Supp. 22-3716(c)(8)(A) was in effect, and it provided that a district court may revoke a defendant's probation if the offender committed a new felony or misdemeanor while on probation. Because Mork's third violation consisted of four separate felonies, which he admitted violated the terms of his probation, the district court was authorized to revoke his probation.

Thus, the district court's decision to revoke his probation and impose his underlying prison sentence was not arbitrary, fanciful, or unreasonable, nor was it based on an error of law or fact. See *Mosher*, 299 Kan. at 3. Because the district court's probation revocation was not an abuse of discretion, the court's ruling is affirmed.

Affirmed.