NOT DESIGNATED FOR PUBLICATION

No. 121,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS L.WILSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed August 28, 2020. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MALONE, J., and WALKER, S.J.


PER CURIAM: Marcus L. Wilson appeals the district court's order revoking his probation after he committed his third probation violation. The district court previously had imposed a 180-day intermediate prison sanction and then a two-day intermediate jail sanction. Wilson claims the district court erred in revoking his probation because (1) it applied the intermediate sanctions out of order; (2) it improperly applied the dispositional departure exception; and (3) it was unreasonable to revoke his probation based on technical violations. Finding no reversible error, we affirm the district court's judgment.

1

We will briefly review the facts and procedural background of Wilson's case. On August 29, 2016, the State charged Wilson with one count of aggravated burglary, five counts of criminal threat, one count of battery, and one count of theft based on events that occurred on August 25, 2016. On March 26, 2018, Wilson pled guilty to aggravated burglary and two counts of criminal threat in exchange for dismissal of the other charges.

On May 25, 2018, the district court sentenced Wilson to a controlling term of 75 months' imprisonment but granted his request for a dispositional departure to probation for 36 months to be supervised by community corrections. As a condition of probation, the district court ordered Wilson to submit to random drug testing and to complete drug and alcohol treatment as directed by his supervision officer.

Wilson's probation was unsuccessful. At a hearing on October 2, 2018, the district court found Wilson had violated the terms of his probation by committing domestic battery and by testing positive for THC and alcohol. The district court ordered Wilson to serve a 180-day intermediate prison sanction and extended his probation for 36 months. Wilson did not appeal this order.

On March 29, 2019, after Wilson had been released early from his intermediate prison sanction, he admitted to violating the terms of his probation by breaking curfew. He waived the right to a court hearing and accepted a two-day intermediate jail sanction.

On May 15, 2019, the district court issued a warrant for Wilson's arrest, alleging he violated the terms of his probation by testing positive for THC, committing the offense of domestic battery, and failing to begin drug and alcohol treatment as directed. On June 26, 2019, the district court issued another warrant alleging Wilson violated his probation by again testing positive for THC.

2

On July 24, 2019, the district court held a probation violation hearing. The State dismissed the second violation, that Wilson committed domestic violence, because it could not locate the victim. It also clarified that the June 2019 warrant was correcting the date of the positive THC test, it was not a separate violation. Thus, the State proceeded on the allegations that Wilson had one positive test for THC and he failed to begin drug and alcohol treatment. Chad Edwards, Wilson's supervision officer, testified about Wilson's positive test for THC, and the State offered the laboratory results into evidence. Edwards also testified that after the positive test for THC, he instructed Wilson to start drug and alcohol treatment, but he never did. After hearing the evidence, the district court found Wilson had violated his probation. The district court revoked Wilson's probation and ordered him to serve the original sentence. Wilson timely appeals.

*Did the district court err in revoking Wilson's probation after applying the intermediate sanctions out of order?*

Wilson claims, for the first time on appeal, that the district court erred in revoking his probation after applying the intermediate sanctions out of order. More specifically, Wilson argues that the district court abused its discretion by revoking his probation without "properly climb[ing] the ladder of the graduated sanctioning scheme" when it imposed a 180-day prison sanction, then a 2-day jail sanction, and then revoked his probation. He argues that because a prison sanction was not imposed *after* a jail sanction, the district court could not revoke his probation.

We begin by noting that the Legislature amended the graduated sanctioning scheme to remove the 120-day and 180-day prison sanction, effective July 1, 2019. See K.S.A. 2019 Supp. 22-3716(c)(1). Under the amendment, the district court may revoke a defendant's probation after the defendant has received at least one two-day or three-day jail sanction. See K.S.A. 2019 Supp. 22-3716(c)(1)(C). Neither party argues that the 2019 amendment applies to Wilson's case, so we will not address it further in this opinion.

Because Wilson committed his crimes in August 2016, K.S.A. 2016 Supp. 22-3716(c)(1) outlines the applicable graduated sanctioning scheme:

"(c)(1)Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in K.S.A. 2015 Supp. 21-6804(i), and amendments thereto, and a violation is established, the court may impose the following sanctions:

(A) Continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction;

(B) continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(A) and (b)(4)(B) shall not exceed 18 total days during the term of supervision;

(C) if the violator already had at least one intermediate sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B) or (c)(1)(B) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7);

(D) if the violator already had a sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall

4

begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7); or

(E) if the violator already had a sanction imposed pursuant to subsection (c)(1)(C) or (c)(1)(D) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence which might originally have been imposed."

The State first argues that Wilson's claim is not preserved because he did not appeal the district court's imposition of the 2-day or the 180-day sanction when they were imposed and so he cannot challenge them now. In his reply brief, Wilson counters that he is not challenging the imposition of the 2-day or the180-day sanction. Instead, he is challenging his subsequent probation revocation as impermissible based on the district court's failure to follow the intermediate sanctioning scheme.

Wilson's challenge to his probation revocation is properly before this court. First, he correctly argues this court can hear his claim that the district court applied the intermediate sanctions out of order for the first time on appeal because it involves a question of law arising on proved or admitted facts and it is determinative of the case. See *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019). Second, we agree with Wilson that because he is challenging his probation revocation, not the imposition of the prior sanctions, his claim is properly before this court. In *State v. Clapp*, 308 Kan. 976, 425 P.3d 605 (2018), the Kansas Supreme Court addressed a similar challenge to the revocation of a defendant's probation on a second violation based on the district court's erroneous imposition of a 180-day prison sanction for a first violation. The State argued the appeal was moot because the defendant had served the 180-day sanction and did not challenge it when it was imposed. Our Supreme Court disagreed, finding that the defendant was challenging his probation revocation as "statutorily infirm" and that "[t]he propriety of the district court's imposition of the 180-day sanction is germane to the

5

question of whether the district court had authority . . . to revoke probation." 308 Kan. at 987. The same reasoning applies here. Wilson is challenging the district court's authority to revoke his probation based on its failure to follow the graduated sanctioning statute. Thus, his claim is properly before this court.

On the merits, Wilson relies on *Clapp* to support his argument that his probation revocation was improper because the district court applied the intermediate sanctions out of order. The State argues that Wilson's probation revocation was proper because, regardless of the order the sanctions were imposed, Wilson received a 180-day intermediate prison sanction and that is all that is required by the plain language of K.S.A. 2016 Supp. 22-3716(c)(1)(E) before the district court could revoke his probation.

This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Wilson argues the district court made an error of law by incorrectly applying the graduated sanctioning scheme. When interpreting a sentencing statute, this court exercises unlimited review. *Coleman*, 311 Kan. at 334-35.

In *Clapp*, the district court imposed a 180-day sanction for Clapp's first violation and then revoked his probation on his second violation. Clapp appealed, arguing the district court improperly applied the graduated sanctioning scheme. When Clapp's appeal was before this court, the panel agreed with the State's argument here, that under K.S.A. 2014 Supp. 22-3716(c)(1)(E) revocation was proper if the violator already had a prison sanction imposed under (c)(1)(C) or (c)(1)(D). 308 Kan. at 986. But our Supreme Court disagreed, stating the graduated sanctioning scheme must be read *in pari materia* and "[a] sanction imposed 'pursuant to subsection . . . (c)(1)(D)' would, by the terms of that

6

provision, require that the 'violator already had a [jail] sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C).'" 308 Kan. at 986. Thus, our Supreme Court rejected the argument the State makes here. Our Supreme Court then stated:

> "To summarize, absent utilization of a statutory bypass provision, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(c)(1)(C) or K.S.A. 2014 Supp. 22-3716(c)(1)(D), which precedent sanctions could only have been imposed after the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B). Therefore, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B)." 308 Kan. at 986-87.

Wilson relies on this paragraph and the court's use of the phrase "condition precedent" to support his argument that because the district court imposed a 180-day sanction without the condition precedent of a previous jail sanction being imposed, his 180-day sanction was an "aberration." Wilson contends the only valid prior sanction he received is the two-day jail sanction, which cannot support his probation revocation.

While the court's "condition precedent" language would support Wilson's argument when read in isolation, his interpretation is overbroad and disregards important factual differences between his case and *Clapp*. Clapp challenged the revocation of his probation on his second violation. During its discussion of the graduated nature of the sanctioning scheme, our Supreme Court found that "[p]ermitting the district court to *skip* steps in the graduated intermediate sanctions scheme would defeat the purpose of the

7

legislation." (Emphasis added.) 308 Kan. at 986. After summarizing the statute, the court held that "[i]n short, pursuant to the statutory provisions of K.S.A. 2014 Supp. 22-3716(c)(1), viewed as a whole, the district court did not have authority to revoke Clapp's probation and impose his underlying sentence *for a second probation violation*." (Emphasis added.) 308 Kan. at 987-88. Thus, the revocation in *Clapp* was improper because the district court *skipped* the jail sanction and revoked Clapp on his *second violation*, something that could not occur under the intermediate sanctioning scheme.

Here, the district court revoked Wilson's probation for a third violation. While it is correct the district court erred in imposing the 180-day prison sanction on Wilson's first probation violation, he did not appeal that order. Wilson ultimately received both a jail sanction and a prison sanction before the district court revoked his probation. Although the steps were out of order, the district court did not completely skip any steps in the scheme before revoking Wilson's probation. When reviewing the provisions of K.S.A. 2016 Supp. 21-3716(c)(1) together as they applied to Wilson's case, we find that Wilson received the appropriate intermediate sanctions before the district court revoked his probation on his third violation. Thus, we conclude the district court did not err in revoking Wilson's probation on his third violation or, in the alternative, any error in applying the sanctions out of order was harmless. See K.S.A. 2019 Supp. 60-261 (stating the court will disregard all errors that do not affect any party's substantial rights).

*Did the district court err in applying the dispositional departure exception?*

Wilson next asserts that the district court did not rely on the dispositional departure exception at K.S.A. 2018 Supp. 21-3716(c)(9)(B) to revoke his probation, but even if it did, then the district court erred because the application of that exception retroactively amounts to an ex post facto violation. The State argues the district court properly relied on the dispositional departure exception to revoke Wilson's probation because the exception applies retroactively to Wilson's case.

8

Wilson is correct that the dispositional departure exception cannot be applied to him because his crimes of conviction occurred almost a year before the dispositional departure exception became effective. See *Coleman*, 311 Kan. at 337 (holding that the dispositional departure exception applies "only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017"). In any event, the district court did not rely on the dispositional departure exception here. The district court did not mention the exception at the hearing or in the journal entry. Thus, the district court did not and could not rely on the exception to revoke Wilson's probation.

*Did the district court err in revoking Wilson's probation for technical violations?*

Finally, Wilson argues that the district court unreasonably revoked his probation for committing technical violations by testing positive for THC and failing to complete drug treatment. The State argues that a reasonable person would agree with the district court's decision to revoke Wilson's probation on his third violation in less than a year.

As stated above, this court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *Coleman*, 311 Kan. at 334. Judicial discretion is abused if the judicial decision is arbitrary, fanciful, or unreasonable. *Gonzalez-Sandoval*, 309 Kan. at 126-27.

Wilson violated his probation three times in less than a year. He continued to use drugs and failed to complete treatment even though this was an important condition of his probation. Thus, it cannot be said that no reasonable person would have agreed with the district court's decision to revoke Wilson's probation.

Affirmed.