NOT DESIGNATED FOR PUBLICATION

No. 119,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK A. HAYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion on remand filed December 11, 2020. Reversed and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Derek A. Hayes appealed the revocation of his probation and imposition of his original sentence. Initially, we found the record supported the district court's decision insofar as Hayes failed to comply with the conditions of probation after receiving a departure sentence. Our decision was premised on the conclusion the 2017 amendments to K.S.A. 22-3716 applied if the probation violation occurred after the effective date of the amendments. See K.S.A. 2019 Supp. 22-3716(c)(7)(B) (district court may revoke probation and impose underlying sentence without having previously imposed an intermediate sanction if probation was granted as result of dispositional

1

departure); *State v. Hayes*, No. 119,165, 2019 WL 1496299, at *1-2. (Kan. App. 2019) (unpublished opinion), *petition for rev. granted* September 29, 2020. Based on this finding, we held moot Hayes' argument the district court failed to state with particularity how Hayes remaining on probation would be a danger to himself or the community. 2019 WL 1496299, at *2. However, in *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020), our Supreme Court held the 2017 amendments to K.S.A. 22-3716 only applied to those persons whose crimes of conviction occurred after the effective date of the amendments. In light of *Coleman*, our Supreme Court granted review, summarily vacated our *Hayes* opinion, and remanded the matter to us for further consideration.

We agree with Hayes the district court failed to state with particularity how Hayes remaining on probation would be a danger to himself or the community. See K.S.A. 2019 Supp. 22-3716(c)(7)(A) (district court may revoke probation and impose underlying sentence without having previously imposed intermediate sanction if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"). Accordingly, we reverse and remand to the district court to consider what sanction should be imposed under K.S.A. 2015 Supp. 22-3716, the statute in effect at the time Hayes committed his crime.

FACTS

On March 10, 2016, Hayes pled guilty to distribution of THC. The district court granted him a downward dispositional departure sentence of 68 months' imprisonment suspended to 36 months' probation. Hayes' probation conditions required him to report to his probation officer as directed; not violate Kansas law or laws of any other state; pay court costs at a rate of $50 per month starting July 6, 2016; and refrain from possessing or consuming alcohol or other drugs.

The State moved to revoke Hayes' probation for failing to report as directed and failing to pay any court costs. He stipulated to violating his probation based on both allegations. Upon accepting his stipulation, the district court found Hayes violated his probation and continued the hearing for disposition. The record reflects Hayes was also convicted in Missouri of fleeing and eluding police while on probation. At the dispositional hearing, the State asked the district court to revoke Hayes' probation under K.S.A. 2019 Supp. 22-3716(c)(9)(B) because the district court granted him a dispositional departure at sentencing and Hayes violated his probation conditions. Hayes asked the district court to continue his probation conditioned on him completing drug treatment because he did not believe he would be able to address his drug use in prison.

The district court revoked Hayes' probation, finding Hayes:

- violated his probation;
- received a downward dispositional departure at sentencing;
- was convicted in Missouri while on probation for fleeing and eluding police; and
- stipulated to violating his probation.

The district court stated: "[Hayes] was given probation when he, by the sentencing guidelines, should've been in prison, and then goes out and commits a new crime, one that puts the public at risk while on this probation. I think sufficient resources have been expended on Mr. Hayes." In the journal entry revoking Hayes' probation, the district court noted it did not impose intermediate sanctions because "[defendant was] granted departure and community safety." The district court did not elaborate on its concerns for community safety.

3

ANALYSIS

Hayes argues the district court should have imposed intermediate sanctions instead of revoking his probation. For a first probation violation the district court is required to impose an intermediate sanction rather than a defendant's underlying sentence unless an exception applies. See K.S.A. 2019 Supp. 22-3716(c). The district court relied on two of these exceptions—the dispositional departure sentence and public safety exceptions. See K.S.A. 2019 Supp. 22-3716(c)(7)(A) and (B). However, the district court erred in relying on the dispositional departure exception because it does not apply retroactively. See *Coleman*, 311 Kan. at 337. Hayes committed the offense on March 10, 2016. The dispositional departure exception did not become effective until July 1, 2017. See L. 2017, ch. 92, § 8. The district court's reliance on this exception was, therefore, an error of law. Accordingly, the district court abused its discretion in relying on the exception to revoke Hayes' probation. See *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018) (judicial action constitutes abuse of discretion if it is "arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact."); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (appellate court reviews district court's decision to revoke probation for abuse of discretion).

In light of *State v. Clapp*, 308 Kan. 976, 988-90, 425 P.3d 605 (2018), we agree with Hayes' argument the district court's revocation of his probation for public safety lacked particularity. Therefore, we reverse and remand to the district court to consider what sanction should be imposed under K.S.A. 2015 Supp. 22-3716 and to make the appropriate findings on the record to support its decision.

Reversed and remanded with directions.