NOT DESIGNATED FOR PUBLICATION

No. 122,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRICE FRANKLIN NORTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Price Franklin Norton appeals the trial court's judgment to revoke his probation and impose the underlying prison sentence. Norton moved for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not respond to Norton's motion. Nevertheless, we granted Norton's motion for summary disposition, and finding no error, we affirm.

On February 24, 2017, authorities arrested Norton after finding approximately 2 pounds of marijuana in Norton's vehicle during a traffic stop in Geary County, Kansas. On August 14, 2017, under a plea agreement, Norton pled guilty to one count of distribution or possession with intent to distribute marijuana—a drug severity level 3

1

nonperson felony in violation of K.S.A. 2016 Supp. 21-5705(a)(4), (d)(2)(B). The trial court sentenced Norton to an underlying 73-month sentence but granted a downward dispositional departure to 36 months of probation.

On March 27, 2019, Dickinson County authorities arrested Norton on various charges from a single instance, including distribution or possession with the intent to distribute marijuana within 1,000 feet from a school and aggravated endangerment of a child. At the probation revocation proceeding, Norton stipulated to violating his probation by failing to remain crime free. The trial court revoked Norton's probation and ordered him to serve the underlying 73-month prison sentence.

Norton timely appeals.

In his motion for summary disposition, Norton contends that the trial court erred in revoking his probation and in ordering him to serve his underlying prison sentence. Norton acknowledges, however, that the trial court had the discretion to revoke his probation under the circumstances. See K.S.A. 2019 Supp. 22-3716(c)(7)(C) (trial court may revoke probation without intermediate sanctions if defendant commits new felony while on probation); *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018) (holding this bypass sanction applies to probation violations that occurred on or after July 1, 2013). Once the State has established a probation violation and an exception to the intermediate sanctions' requirements, the trial court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 880-81, 357 P.3d 296 (2015).

Because the trial court was statutorily authorized to revoke Norton's probation, the decision to revoke probation rests in the trial court's sound discretion. See *Clapp*, 308 Kan. at 981. Thus, Norton bears the burden to show that the trial court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). An

abuse of discretion occurs when judicial action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on error of law; or (3) is based on error of fact." *State v. Miller*, 308 Kan. 1119, 1138, 427 P.3d 907 (2018).

In his motion for summary disposition, Norton provides no reasoning on how the trial court abused its discretion in revoking his probation. At the probation revocation proceeding, Norton argued that he suffered from substance abuse due to marijuana dependency and that he should remain on probation to receive treatment. Norton's argument is unpersuasive. The trial court found that this case did not necessarily involve substance abuse because the charges were for distributing marijuana. Based on Norton's criminal history score of B and his failure to remain crime free while on probation, the trial court reasoned that Norton exhausted his opportunity and ordered him to serve his underlying sentence. Based on these circumstances, the trial court's decision was reasonable. Norton fails to meet his burden to show that no reasonable person would have taken the view adopted by the trial court.

Affirmed.