NOT DESIGNATED FOR PUBLICATION

Nos. 122,322
122,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON W. FERGUSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 26, 2021. Reversed and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM: In these two cases, Brandon W. Ferguson appeals his probation revocations and the orders sending him to prison to serve his sentences because the court did not first consider lesser sanctions. Because the laws in effect when Ferguson committed his crimes required a court to consider intermediate sanctions before revoking probation and ordering a defendant to serve his or her prison sentence, we hold the court erred in sending Ferguson to prison. We, thus, reverse the district court and remand both cases to the district court for reconsideration.

1

The dates of Ferguson's crimes are important. In case 17-CR-3293, Ferguson's prison sentence was 16 months for a crime committed in February 2017. In case 18-CR-81, his prison sentence was 29 months for a crime committed in December 2016. This means both crimes occurred before an exception to the rule of first considering intermediate sanctions was created by the Legislature.

In that exception, found in K.S.A. 2017 Supp. 22-3716(c)(9)(B), a court could revoke probation and impose a prison sentence without first imposing an intermediate sanction if the court had granted probation when the presumptive guidelines sentence had been prison. In other words, a court when revoking probation, could bypass the intermediate sanctions and send a defendant to prison if it had granted the defendant a dispositional departure sentence.

The court used that bypass in these two cases when it revoked Ferguson's probations and sent him to prison. But a recent ruling of our Supreme Court bars the application of that exception in these two cases.

That ruling is found in *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020), where the court held that the probation revocation scheme in effect when a probationer committed the crime of conviction controls. Unless there is clear language showing that the Legislature intended for an amendment to apply retroactively, the laws in effect when the crimes are committed control. That means the dispositional departure exception listed above does not apply to probationers who committed their crimes of conviction before July 1, 2017, when the provision became effective. 311 Kan. at 337.

The State vainly tries to avoid this result by arguing that the district court instead relied on the offender welfare exception to revoke Ferguson's probation. Under that statute—which was in effect when Ferguson committed his crimes—a district court could bypass intermediate sanctions if it found and set forth "with particularity the reasons for

2

finding that . . . the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(9).

But under that exception, a generic statement that a sanction would not serve the offender's welfare would not suffice. A court must specifically state, and not just imply, the connection between the reasons for revoking the defendant's probation and the offender's welfare. See *State v. Clapp*, 308 Kan. 976, 988-90, 425 P.3d 605 (2018).

We are not persuaded by the State. The court made no particularized findings that a sanction would not serve Ferguson's welfare. All the court said when revoking Ferguson's probation was that he had not availed himself of certain opportunities on supervision:

> "If there's no further, then the Court really doesn't have anything to—basically if the defendant isn't prepared to change his conduct, then he has . . . had opportunities through the best supervision program that we have available to us and really has not responded to that. Therefore, I'm going to revoke his probation, and he is to serve his— the remainder of his original sentence."

Those findings are insufficient to bypass the graduated sanctions scheme. The court did not specifically state *how* Ferguson's welfare would suffer if he stayed on probation, nor did it even mention the exception during the revocation hearing or mark it on the journal entry.

We hold that the district court had no authority to revoke probation and order Ferguson to serve his sentences without first considering intermediate sanctions or making particularized findings explaining why those sanctions would be inappropriate. See K.S.A. 2016 Supp. 22-3716(c)(1)(B)-(E).

The district court's probation revocations and orders sending Ferguson to prison in both cases are reversed. Both cases are remanded for reconsideration of disposition.

Reversed and remanded with directions.