NOT DESIGNATED FOR PUBLICATION

No. 123,440

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALFRED D. DICKSON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Defendant Alfred D. Dickson appeals the decision of the Sedgwick County District Court revoking his probation and imposing his underlying sentence. We granted Dickson's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). On appeal, Dickson argues that the district court erred in revoking his probation because sanctions remained a reasonable alternative. Finding no abuse of discretion, we affirm.

Dickson pleaded guilty to criminal possession of a weapon by a convicted felon, a severity level 8 nonperson felony. Dickson committed this offense in December 2018. In

1

September 2019, the district court sentenced Dickson to 18 months of probation with an underlying prison term of 17 months.

Less than two months after sentencing, Dickson violated his probation by breaking curfew, failing to report to his intensive supervision officer, and failing to attend treatment for substance abuse. The district court allowed him to stay on probation but mandated that he serve a 3-day jail sanction and restarted the 18-month probationary period.

Just days after the violation hearing, Dickson committed a domestic violence battery, engaged in criminal destruction of property, and otherwise displayed assaultive behavior. After finding another probation violation, the district court sanctioned Dickson with 45 days in jail.

Two months later, Dickson again violated his probation. At the revocation hearing on September 24, 2020, Dickson admitted to these violations:

- committing the offense of interference with a law enforcement officer;
- associating with a known gang member;
- violating curfew;
- consuming alcohol;
- assaultive type behavior;
- violating gang conditions by wearing a red shirt;
- associating with a convicted felon; and
- failing to engage in mental health services and substance abuse treatment.

The district court revoked Dickson's probation and order that he serve the underlying sentence of 17 months.

After a probation violation is established by a preponderance of the evidence, the district court has the discretion to revoke a defendant's probation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Dickson admitted to the violations, thereby establishing them without an evidentiary hearing. We review the district court's decision to revoke Dickson's probation for abuse of discretion. A district court abuses its discretion when the decision is unreasonable or is based on either a misunderstanding of the governing law or an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Since 2013, district courts have had to follow a scheme of intermediate sanctions before revoking a defendant's probation, subject to certain exceptions permitting immediate revocation. *State v. Clapp*, 308 Kan. 976, 981-82, 425 P.3d 605 (2018). Although the statutory framework has been amended from time to time, it has always permitted the district court to revoke a defendant's probation without any intermediary sanctions if the defendant has committed a felony or a misdemeanor while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, the district court did not abuse its discretion. First, K.S.A. 2018 Supp. 22-3716(c)(8)(A) gave the district court legal authority to revoke Dickson's probation because he admitted to committing a new crime. Second, Dickson does not allege that an error of fact exists in this case. Finally, the district court's actions were reasonable. This was Dickson's third probation hearing. The district court gave Dickson two chances to conform to the terms of his probation before ordering him to prison. During the final probation violation hearing, the district court looked at numerous factors to support its decision including Dickson's pretrial issues and lengthy criminal history. The district court also observed that Dickson had ample time to address his antisocial behavior but failed to do so—the intermediate sanctions clearly were not having the intended salutary effect on Dickson's conduct.

3

Revoking Dickson's probation was the district court's last resort. Dickson's argument on appeal holds no weight legally or factually. The continued use of intermediate sanctions was not legally required by K.S.A. 2018 Supp. 22-3716, and their use had devolved into an exhausted and ineffective option. We have no doubt other district courts would have taken the same position in revoking Dickson's probation. There was no abuse of judicial discretion.

Affirmed.