NOT DESIGNATED FOR PUBLICATION

No. 124,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA WAYNE RENFRO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed July 8, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Joshua Renfro appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Renfro's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. Nevertheless, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

In October 2020, Renfro pled no contest to one count of violating an extended protective order. See K.S.A. 2020 Supp. 21-5924(a)(1). The district court imposed a presumptive prison sentence of 30 months but granted Renfro's motion for dispositional departure and placed him on 24 months of probation.

1

Seven months after the court placed Renfro on probation, the State moved to revoke his probation, alleging that Renfro violated seven separate conditions. After the probation violation hearing, the district court concluded that Renfro violated six conditions of his probation. It found that he changed his residence without proper notification, failed to report to his probation officer, failed to cooperate with his probation officer in a plan for treatment, failed to pay court costs, neglected to obtain an alcohol/drug evaluation, and failed to pay a community corrections fee. The district court revoked Renfro's probation and ordered him to serve his 30-month prison sentence with the Kansas Department of Corrections.

ANALYSIS

On appeal, Renfro argues that the district court erred in revoking his probation and imposing his underlying prison sentence.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. Likewise, if the issue is the propriety of the sanction imposed, we also review the district judge's decision for an abuse of discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The burden is on Renfro to show that the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

To find that the district court committed an error of fact we must find that substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). Renfro does not direct us to any factual finding of the district court that he claims was not supported by substantial competent evidence. So to the

extent that he is arguing the evidence does not support the finding that he violated his probation, Renfro has failed to meet his burden of proof.

A judge commits an error of law when the judge's discretion is guided by an erroneous legal conclusion. 312 Kan. at 276. Sanctions imposed for probation violations must comply with K.S.A. 2021 Supp. 22-3716. See *State v. Clapp*, 308 Kan. 976, 981, 425 P.3d 605 (2018). This statute requires that the court impose certain intermediate sanctions before it revokes a defendant's probation—except in certain circumstances. K.S.A. 2021 Supp. 22-3716(c)(1). A court may bypass any intermediate sanction and immediately revoke probation for a probation violation if the probation was granted as the result of a dispositional departure. K.S.A. 2021 Supp. 22-3716(c)(7)(B). Renfro's probation resulted from a dispositional departure. So the district court had statutory authority to revoke his probation and impose the underlying prison sentence without imposing any intermediate sanctions. The district court did not commit an error of law.

Finally, a decision is unreasonable if "'no reasonable person would have taken the view adopted by the trial court.'" *Davis*, 312 Kan. at 276. Renfro's failure to comply with even the most basic requirements of his probation—like reporting to his probation officer—made it reasonable for the district court to conclude that Renfro had not taken advantage of the opportunity that probation provided him to stay out of prison. We are unable to conclude that no reasonable person would have revoked Renfro's probation under these circumstances. The district court's decision was neither arbitrary, fanciful, nor unreasonable.

For these reasons, we find that the district court did not abuse its discretion in revoking Renfro's probation and ordering him to serve his underlying prison term.

Affirmed.